■ In the Matter of LESLIE K. ECK, Appellant, v KENNETH R. ECK JR., Respondent. [844 NYS2d 460]—

Cardona, P.J. Appeal from an order of the Family Court of Delaware County (Burns, J.), entered June 12, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner commenced this family offense proceeding seeking an order of protection against respondent, who is her former husband (*see* Family Ct Act § 812 [1] [c]). At the ensuing hearing, petitioner testified that after she called respondent from her place of employment—the Delaware County Department of Social Services (hereinafter DSS)—on June 22, 2005 to inform him that she would be late picking up their son, respondent then called DSS's administrative office and, among other things, inquired whether petitioner was required to pay for personal calls. She also testified that respondent filed a complaint about her with DSS, although she did not specify the substance of the complaint. She further indicated that respondent told her supervisor—who was representing her on a support violation petition against respondent—that "rumors and allegations . . . were going around" about petitioner. Another witness testified in reference to respondent's unauthorized investigation of another man who respondent suspected of having a relationship with petitioner, which investigation formed the partial basis of a disciplinary proceeding that culminated in respondent's termination from his employment as a deputy sheriff (*see Matter of Eck v County of Delaware*, 36 AD3d 1180 [2007]). Follow-

ing the hearing, Family Court dismissed the petition as unsupported by the evidence. We now affirm.

Petitioner argues that respondent's conduct constituted harassment in the second degree (*see* Penal Law § 240.26 [3]; Family Ct Act § 812 [1]). As relevant herein, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: . . . He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). Under the circumstances herein, and according deference to Family Court's credibility determinations, we decline to disturb the court's conclusion that the proven conduct does not support a finding of harassment in the second degree (*compare Matter of Corey v Corey*, 40 AD3d 1253 [2007]; *Matter of Machukas v Wagner*, 246 AD2d 840, 842 [1998], *lv denied* 91 NY2d 813 [1998]; *Matter of Christina LL.*, 233 AD2d 705 [1996], *lv denied* 89 NY2d 812 [1997]).

We have examined petitioner's remaining contentions and found them to be unpersuasive.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.