■ In the Matter of SHELLY RR., Respondent, v FRANK SS., Appellant. (And Three Other Related Proceedings.) [898 NYS2d 898]—

Spain, J. Appeal from an order of the Supreme Court (Charnetsky, J.), entered April 2, 2009 in Broome County, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act articles 6 and 8, for an order of protection.

The parties are the parents of four children (born in 1993, 1996, 2000 and 2002). Petitioner (hereinafter the mother) commenced the first of these proceedings alleging, among other things, that in late October 2008, respondent (hereinafter the father) committed a family offense when he punched their 14-year-old son in the eye. The father had been arrested and was in jail at the time the petition was filed. Family Court (Pines, J.) issued a temporary order of protection directing, among other things, that the father stay away from the mother, the children and the home, and granted temporary custody to the mother. Thereafter, the father filed three separate petitions seeking specific modifications to the temporary order. In the meantime, all proceedings were transferred to Supreme Court, Broome County, Integrated Domestic Violence Part. Following a hearing addressing all pending matters, Supreme Court found that the father had committed the family offense of harassment (*see* Penal Law § 240.26 [1]) and issued an order which, among other things, directs the father to attend a local domestic violence program, to submit to an alcohol abuse evaluation and to follow all treatment recommendations, and grants the mother custody and the father supervised parenting time with the children. The father appeals and we affirm.

The father's appeal is limited to challenging Supreme Court's finding that he committed a family offense against his son, a determination that will be upheld if supported in the record by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1263 [2009]). According due deference to the court's credibility determinations,

we find ample record evidence to support that finding. After an argument between the father and the mother, an altercation ensued between the father and the son in which the father punched the teenager in the eye causing a cut that was later treated at a local hospital. The father's conduct, at a minimum, constituted the family offense of harassment (*see* Penal Law § 240.26 [1]; Family Ct Act § 812).

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.