■ In the Matter of CHADWICK F., on Behalf of LYNNEA H., an Infant, Respondent, v HILDA G., Appellant. [909 NYS2d 577]—

Egan Jr., J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered September 18, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner commenced this family offense proceeding on behalf of his daughter seeking an order of protection against respondent, petitioner's mother, who had been residing with him and his daughter. The petition alleged that respondent had committed the family offense of harassment, disorderly conduct and reckless endangerment. After issuing a temporary order of protection against respondent and following a hearing at which both petitioner and respondent testified, Family Court found that respondent had committed the offense of harassment, and issued an order of protection requiring her to stay away from petitioner's residence for one year.* Respondent now appeals arguing that petitioner did not establish that she committed harassment in the second degree.

A petitioner bears the burden of proving by a preponderance

* Family Court did not specify the degree of harassment it found respondent to have committed.

of the evidence that respondent committed a family offense (*see* Family Ct Act § 832; *Matter of Charles E. v Frank E.*, 72 AD3d 1439, 1441 [2010]). " '[A] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: . . . He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose' " (*Matter of Eck v Eck*, 44 AD3d 1168, 1169 [2007], *lv denied* 9 NY3d 818 [2008], quoting Penal Law § 240.26 [3]).

At the hearing on this matter, petitioner testified that, while respondent lived with him and his daughter in a rented home, respondent repeatedly taped the windows shut, sealed electrical outlets and tampered with the thermostat. Petitioner also testified that respondent repeatedly threatened to "do what she could to make [him] lose [his] child." Finally, petitioner testified that, on one occasion, he observed respondent urinating in a cooking pot in the kitchen. Petitioner testified that respondent's actions alarmed and annoyed him, and the behavior continued even after he requested that she stop.

Here, allegations that respondent taped the windows and sealed the outlets fail to establish that she intended to harass, alarm or annoy petitioner, especially in light of petitioner's own testimony that respondent's actions in this regard were to avoid both dust and heat loss. Likewise, testimony that respondent urinated in a cooking pot on one occasion does not establish a course of conduct sufficient to support a finding of harassment (*see People v Wood*, 59 NY2d 811, 812 [1983]). However, because the element of intent can be inferred from her multiple and unsubstantiated threats to report petitioner for parental misconduct (*see Matter of Christina LL.*, 233 AD2d 705, 709 [1996], *lv denied* 89 NY2d 812 [1997]), in according Family Court's determination the proper deference (*see Matter of Eck v Eck*, 44 AD3d at 1169), we find that these threats are sufficient to support Family Court's findings (*see Matter of Boulerice v Heaney*, 45 AD3d 1217, 1219 [2007]; *Matter of Machukas v Wagner*, 246 AD2d 840, 843 [1998], *lv denied* 91 NY2d 813 [1998]).

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.