■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN A. KELLY, Appellant. [913 NYS2d 846]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 27, 2007. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]; [c]). Defendant contends that the evidence is legally insufficient to support the conviction under both counts. With respect to the first count, defendant contends that there was no evidence that he intended to harass, annoy, threaten or alarm the victim (*see* § 215.51 [b] [iv]). Viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient with respect to that count (*see* § 215.51 [b] [iv]; *People v Alexander*, 50 AD3d 816, 817-818 [2008], *lv denied* 10 NY3d 955 [2008]). It is well established that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682 [1992]), and the evidence presented at trial established that defendant repeatedly and continuously telephoned the victim as well as her friends over a period of six hours despite being repeatedly told that the victim did not wish to speak with him. With respect to the second count, defendant contends that the People failed to present the evidence required by the statute, i.e., that the predicate conviction arose from the violation of a "stay away" provision of an order of protection (*see* Penal Law § 215.51 [c]). Defendant failed to preserve that contention for our review, however, inasmuch as his motion for a trial order of dismissal was not specifically directed at that alleged deficiency in the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Contrary to defendant's further contention, County Court's "*Sandoval* compromise . . . reflects a proper exercise of the court's discretion" (*People v Thomas*, 305 AD2d 1099 [2003], *lv denied* 100 NY2d 600 [2003]). In any event, any alleged error in

the court's *Sandoval* compromise is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the alleged error (*see People v Singleton*, 66 AD3d 1444, 1445 [2009], *lv denied* 13 NY3d 862 [2009]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Carni, Sconiers and Pine, JJ.