In the Matter of JENNA T., Respondent, v MARK U., Appellant. [920 NYS2d 447]—

McCarthy, J.

The parties are the parents of one child (born in 2004). Petitioner filed a family offense petition alleging that respondent assaulted both her and the child and endangered the child's welfare. After a hearing, Family Court granted petitioner's application and issued an order of protection barring respondent from any contact with petitioner or the child except to implement court-ordered visitation or custody. Respondent appeals.*

Petitioner met her burden of establishing by a preponderance of the evidence that respondent committed a family offense (*see* Family Ct Act § 832; *Matter of Chadwick F. v Hilda G.*, 77 AD3d 1093, 1093-1094 [2010], *lv denied* 16 NY3d 703 [2011]). When conflicting evidence is presented, we accord deference to Family Court's credibility determinations (*see Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1166 [2009], *lv denied* 14 NY3d 702 [2010]). Petitioner testified that respondent picked up their son by his neck and slammed him into a chair, leaving pressure marks on the child's skin for several hours. She further testified that respondent struck her in the head while she was holding their child, causing them to fall to the floor. Having hit her head during this fall, she became dizzy and was unable to get up on her own. A few minutes later, respondent struck or pushed her while she was holding the child, again causing petitioner and the child to fall to the ground. Respondent testified, denying that he handled the child roughly or laid a hand on petitioner.

Although other witnesses testified, Family Court mainly relied on the testimony of the parties, as they were the only adults present for the incident. The court acknowledged issues that af-

---

* The appeal from the order of protection is moot because that order has expired (*see Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 n 2 [2010]).

fected petitioner's credibility, namely her delay in filing the present application and a letter she wrote praising respondent as a man and father, but found her "credibility strongest in detailing the violent incident which gave rise to this" petition. On the other hand, the court found "respondent's testimony not credible" and explained its reasons for that conclusion. Giving deference to the court's credibility determinations, the record supports the finding that respondent committed a family offense (*see Matter of Chadwick F. v Hilda G.*, 77 AD3d at 1094; *Matter of Boua TT. v Quamy UU.*, 66 AD3d at 1167).

Mercure, J.P., Rose and Egan Jr., JJ., concur. Ordered that the order entered October 8, 2009 is affirmed, without costs. Ordered that the appeal from the order of protection is dismissed, as moot, without costs.