In the Matter of AMBER JJ., Appellant, v MICHAEL KK., Respondent. [920 NYS2d 448]—

McCarthy, J.

The parties, unmarried and not living together, are the parents of a son (born in 2008). Petitioner (hereinafter the mother), who has custody of the child, commenced this proceeding in April 2010, seeking an order of protection against respondent (hereinafter the father). At the ensuing fact-finding hearing, the mother testified that, on April 20, 2010, the father came over to her apartment to visit their son but soon began yelling at her and calling her derogatory names in front of the child. According to the mother, the verbal abuse continued for approximately an hour and she was too scared to do anything to stop it. After the doorbell rang, she let in three of her friends and then tried to pick up her son to leave. However, she stated that the father then grabbed the child's ankle and told the mother he did not want her to leave. She testified that two of her male friends told the father repeatedly to let go of the boy, but he did not do so until approximately "a good four minutes" had passed.* The mother then took the child and fled the apartment with the father following behind yelling obscenities and threats at her and her friends, indicating that she was "going to pay for it" and that he was going to take the son away from her. The mother testified that she waited two days to report the incident to the police because she was afraid that the father and his friends were out on the street "looking for [her]."

The mother was the sole witness at the fact-finding hearing. Finding her testimony credible, Family Court thereafter found by a preponderance of the evidence that the father had committed the family offense of harassment. The court issued an order of protection requiring the father to stay away from the mother and their son for a period of one year. The father appeals.

Family Court's family offense finding was supported by the record. The mother bore the burden of demonstrating that the father committed a family offense by a preponderance of the evidence (see Family Ct Act § 832; Matter of Chadwick F. v Hilda G., 77 AD3d 1093, 1093-1094 [2010], lv denied 16 NY3d 703 [2011]). As relevant herein, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she engages in a course of conduct . . . which alarm[s] or seriously annoy[s] such other person and which serve[s] no legitimate purpose" (Penal Law

---

* The mother testified that the father held the child's ankle so tightly a bruise was left on his leg and, consequently, Family Court ordered the Columbia County Department of Social Services to complete a child protective investigation into the allegations (see Family Ct Act § 1034).

§ 240.26 [3]). While there is no question that an isolated incident cannot support a finding of harassment (*see People v Wood*, 59 NY2d 811, 812 [1983]; *Matter of Chadwick F. v Hilda G.*, 77 AD3d at 1094), "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose" can support such a finding (*People v Murray*, 167 Misc 2d 857, 861 [1995] [internal quotation marks and citation omitted]).

Here, Family Court expressly found that the father's actions in the mother's apartment on April 20, 2010 were intended solely to harass, annoy or alarm her. Similarly, the court found that the father's later conduct in the street whereby he yelled obscenities and threats at the mother's friends was committed in her presence with the intent to intimidate her and clearly served no legitimate purpose. According due deference to the court's credibility determinations (*see Matter of Shelly RR. v Frank SS.*, 72 AD3d 1426, 1426-1427 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of Boulerice v Heaney*, 45 AD3d 1217, 1218-1219 [2007]), we find that the proof of the father's course of conduct, beginning with the lengthy verbal abuse and aggressive behavior in her apartment, followed by the taunts and threats he later yelled in the street, was sufficient to establish by a fair preponderance of the evidence that he engaged in acts constituting harassment in the second degree (*see* Family Ct Act § 832; *Matter of Chadwick F. v Hilda G.*, 77 AD3d at 1093-1094; *Matter of Cukerstein v Wright*, 68 AD3d 1367, 1369 [2009]).

The remaining arguments raised by the father have been examined and found to be unpersuasive.

Mercure, J.P., Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.