■ In the Matter of JOAN FF., Respondent, v IVON GG., Appellant. [924 NYS2d 611]—

Rose, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered January 14, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner filed a family offense petition alleging, among other things, that respondent had harassed her during a late-night altercation at the apartment they shared. After a hearing, at which petitioner testified that respondent had frightened her by pushing her, jumping on her and pinning her down on the bed, and then angrily grabbing her by her arm and neck, bruising her and causing her pain, Family Court determined that respondent had committed a family offense and issued a two-year order of protection in petitioner's favor. Respondent appeals, arguing that petitioner's account of the incident was not credible and, therefore, the court's finding is not supported by a fair preponderance of the evidence.

Although respondent denied touching petitioner, she testified that she went to a hospital for medical attention the next morning, and she presented testimony from a social worker who had been present at the hospital and observed her bruises. She also offered the testimony of a friend who had been on the telephone with her during part of the incident. This friend had called the police after hearing respondent yelling and petitioner say "get off me" and "stop" and, when she called back after being disconnected, she heard petitioner crying, coughing and choking. According due deference to Family Court's credibility determination in favor of petitioner (*see Matter of Jenna T. v Mark U.*, 82 AD3d 1512, 1512 [2011]; *Matter of Machukas v Wagner*, 246 AD2d 840, 842 [1998], *lv denied* 91 NY2d 813 [1998]), we agree with the court's conclusion that petitioner met her burden of

establishing, by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Chadwick F. v Hilda G.*, 77 AD3d 1093, 1093-1094 [2010], *lv denied* 16 NY3d 703 [2011]), that respondent's conduct constituted the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; Family Ct Act § 812; *Matter of Shelly RR. v Frank SS.*, 72 AD3d 1426, 1427 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1133 [2010]).

Mercure, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.