*1024 OPINION OF THE COURT
John M. Hunt, J.
Respondent has moved for dismissal of this family offense proceeding upon the ground that the Family Court lacks subject matter jurisdiction in this case (CPLR 3211 [a] [2]). Respondent has also moved for dismissal of the petition on the ground that it fails to state a cause of action in accordance with Civil Practice Law and Rules § 3211 (a) (7).
By petition filed pursuant to Family Court Act § 821 on August 2, 2011 the petitioner, Mabel R., alleges that Rayshawn D. is her grandson, and that
“I suffered a stroke [in] February 2009. After that time my health went down. I am now in a wheel chair now [sic] and can’t speak very.well. During the time I was in rehab home I left Mr. B. in charge of my house, as I had for the past 5 years he had been with me. During that time I was very sick and didn’t know what was going on. My youngest daughter and her son (Rayshawn) drove Mr. B. away and start[ed] drawing large sums of money from my life saving account and from my checking account without my consent to pay their bills. After almost a year, Mr. B. and I got back together and I found out . . . [Respondent [t]ook almost $7,000.00 from my checking account to pay his car payments, get his car out of repo, pay his cell phone bill, [his] cable bill. This was being done from May 2010 to July 2011. Mr. B. had tr[ied] to get the banks to block the bank accounts but they didn’t, until I started to get my bank records and cashed checks in [Rayshawn’s] name. When I found out, I put my daughter out (his mother). Since that time I ask him to leave, get him a place to stay, [but] he won’t.”
Petitioner has not filed a criminal complaint concerning the incidents alleged in the family offense petition, and she requests that this court issue an order of protection against the respondent which directs that he, inter alia, commit no family offenses against her and that he stay away from her and her home, and that he not contact her.
Respondent has moved for dismissal of the petition based upon his claim that petitioner’s failure to allege facts which would constitute a family offense under article 8 deprives the court of “subject matter jurisdiction.” This branch of the motion is denied.
*1025 “The question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by the Constitution or statute, to entertain the case before it” (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997]; see also Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]; Lacks v Lacks, 41 NY2d 71, 75-76 [1976]; Matter of Ballard v HSBC Bank USA, 6 NY3d 658, 663 [2006]; United States v Cotton, 535 US 625, 630 [2002]; Arbaugh vY & H Corp., 546 US 500, 514 [2006]). Family offense proceedings commenced in the Family Court are civil proceedings (Matter of Richardson v Richardson, 80 AD3d 32, 39-41 [2010]), and jurisdiction over such proceedings is specifically granted to the Family Court by both constitution and statute (NY Const, art VI, § 13; Family Ct Act § 115 [e]; § 812 [1]; People v Williams, 24 NY2d 274, 278 [1969]; People v Nuernberger, 25 NY2d 179, 182 [1969]).*
Respondent’s claim that the Family Court lacks subject matter jurisdiction is misplaced. There is “a clear distinction between a court’s competence to entertain an action and its power to render a judgment on the merits” in a particular case {Lacks at 75). While the “[a]bsence of competence to entertain an action deprives the court of ‘subject matter jurisdiction’; absence of power to reach the merits does not” {id.; see Copeland v Salomon, 56 NY2d 222, 227 [1982]; Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [2008]; Matter of Sean W. (Brittany W), 87 AD3d 1318 [2011]). It is for that very reason that claims relating to subject matter jurisdiction are never waived and may be raised after judgment {Lacks at 75; Fry at 718), while arguments relating to nonjurisdictional “claim-processing rules” {Henderson ex rel. Henderson v Shinseki, 562 US —, 131 S Ct 1197, 1203 [2011]), will be deemed to have been waived if not asserted prior to judgment {Arbaugh at 506-507; Matter of Brayanna G., 66 AD3d 1375, 1376 [2009], lv denied 13 NY3d 714 [2010]).
The court has also considered respondent’s argument that the petition should be dismissed on the ground that its allegations do not establish, if true, that he committed one or more of the family offenses set forth in Family Court Act § 812 (1).
*1026 “On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. Courts must accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 228 [2011] [citations and internal quotation marks omitted]; see also Leon v Martinez, 84 NY2d 83, 87-88; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
“Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss” (EBC I, Inc. at 19; International Oil Field Supply Servs. Corp. v Fadeyi, 35 AD3d 372, 375 [2006]; Ginsburg Dev. Cos., LLC v Carbone, 85 AD3d 1110, 1111 [2011]).
Applying the proper standard of review, the family offense petition before the court alleges that the parties have a qualifying family relationship, and that petitioner is a wheelchair-bound senior citizen who has suffered significant physical and speech impairments as the result of a stroke which occurred in 2009. Petitioner entered a rehabilitation facility for treatment after the stroke and she remained confined for approximately one year. Petitioner left her friend in charge of her property during the period of her rehabilitation and confinement, but beginning in May 2010 and until July 2011, respondent and his mother, the petitioner’s adult daughter, proceeded to take control of petitioner’s house and loot her bank accounts. Petitioner’s daughter has since left petitioner’s home at her request, but respondent refuses to depart, notwithstanding petitioner’s request that he do so.
While petitioner’s claims regarding the misappropriation or theft of her property do not themselves constitute family offenses within the meaning of Family Court Act § 812 (1) (Matter of Steinhilper v Decker, 35 AD3d 1101, 1102 [2006]; Matter of Charles E. v Frank E., 72 AD3d 1439, 1441 [2010]), competent evidence as to those occurrences may be admitted at the fact-finding hearing (Family Ct Act § 834). The allegations in this case consist of more than the property claims alleged in Steinhilper and Charles E. which were found to be insufficient to support a family offense petition. Here petitioner alleges that respondent and his mother had misappropriated or stolen her property while she was incapacitated by a stroke and unable to *1027 look after her own affairs. Petitioner returned to her house still physically impaired and ordered respondent to leave the premises, and he has refused to do so.
The protection of elderly persons from abuse and exploitation is a matter of significant public concern. “[E]lder abuse, including the financial exploitation of elderly individuals who have become mentally incapacitated, is an often well hidden problem, in part because the perpetrator of such conduct is in many cases a member of the victim’s family” (Campbell v Thomas, 73 AD3d 103, 104-105 [2010] [citation and internal quotation marks omitted]; see also Boyce v Fernandes, 77 F3d 946, 948 [7th Cir 1996]). While petitioner’s age and physical disabilities are not determinative as to whether respondent committed a family offense, these factors are certainly relevant, and may be considered in conjunction with the other evidence adduced at trial.
Accordingly, as the allegations in the petition may constitute a family offense, including harassment in the second degree under Penal Law § 240.26 (3) {e.g. Matter of Hagopian v Hagopian, 66 AD3d 1021, 1022 [2009]; Matter of Chadwick F. v Hilda G, 77 AD3d 1093, 1094 [2010], lv denied 16 NY3d 703 [2011]; Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1559-1560 [2011]), the branch of the motion to dismiss for failure to state a cause of action must be denied (Matter of Hirsh v Stern, 74 AD3d 967, 967-968 [2010]).

 Concurrent jurisdiction over family offenses is granted to the criminal courts as the family offenses enumerated in article 8 of the Family Court Act constitute offenses under the Penal Law (Family Ct Act § 115 [e]; § 812 [1], [2] [a], [b], [c]; CPL 100.07, 530.11 [1]; People v Wood, 95 NY2d 509, 512, 513 [2000]; People v Spickerman, 307 AD2d 774, 776 [2003], lv denied 100 NY2d 624 [2003]).