In the Matter of JANET GG., Appellant, v ROBERT GG., Respondent. [931 NYS2d 746]—

Kavanagh, J. 

In March 2010, petitioner (hereinafter the mother) filed a Family Ct Act article 8 petition alleging that respondent (hereinafter the father) committed a series of family offenses against her and their two children (born in 1996 and 1998). Specifically, she alleged that on March 2, 2010, the father telephoned the children's school, spoke to a guidance counselor and demanded to see his children. Because the counselor believed that an order of protection was in place that barred the father from having such contact with his children,[1] the counselor informed the father that he should not come to the school and, in any event, would not be allowed by school authorities to visit with his children. The father, despite this admonition, went to the school and, upon entering the premises, confronted the school superintendent demanding to see his children. After he became loud and boisterous and refused to leave the premises, the police were notified and the father was placed under arrest. The mother subsequently filed a petition[2] claiming that this conduct qualified as a family offense and, on that basis, sought an order of protection for herself and the children.[3] The father argued that what had occurred, even if true, did not constitute a family offense and, therefore, Family Court did not have jurisdiction. The court agreed and dismissed the petition with prejudice. The mother now appeals.

"Family Court's jurisdiction over family offense proceedings

---

**1.** An order of protection regulating the father's contact with the children had been in place, but had expired.

**2.** The mother initially submitted her petition pro se, and later amended the petition.

**3.** A temporary order of protection was put in place requiring the father to stay away from the mother and children.

is limited to those acts between family members that 'would constitute disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking . . . , menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault' " (*Matter of Steinhilper v Decker*, 35 AD3d 1101, 1102 [2006], quoting Family Ct Act § 812 [1]). Here, Family Court determined that while the father's actions may have constituted disorderly conduct,[4] they did not amount to a family offense because, when committed, the father was not in contact with the mother or either of their children. Instead, the father's actions were directed at school personnel and not any member of his family. We agree and affirm.

The mother and the attorney for the children argue that, because the mother and one of the children were in a location on the school premises that allowed them to hear the father demanding that school authorities allow him to see his children, this conduct was sufficient to constitute a family offense. However, no evidence has been presented that either the mother or the child were in the immediate area where this confrontation between school authorities and the father took place or that the father, at the time he was making his demands, was aware of their presence. In fact, it is clear that the father's actions were directed not at the mother or the children, but at school personnel, and what occurred, while regrettable, did not constitute a family offense. As such, Family Court was without jurisdiction to entertain this petition (*see* Family Ct Act § 812; *compare Matter of Joan FF. v Ivon GG.*, 85 AD3d 1219, 1219-1220 [2011]; *Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1263 [2009], *lv denied* 14 NY3d 704 [2010]).

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

4. A person is guilty of disorderly conduct "when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [he or she] makes unreasonable noise . . . [or i]n a public place . . . uses abusive or obscene language" (Penal Law § 240.20).