# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**419**
**CAF 13-01774**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JESSICA W. VOORHEES,
PETITIONER-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GARY I. TALERICO, II,
RESPONDENT-PETITIONER-RESPONDENT.
--------------------------------------------
IN THE MATTER OF JESSICA W. VOORHEES,
PETITIONER-APPELLANT,

V

GARY I. TALERICO, II, RESPONDENT-RESPONDENT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR PETITIONER-RESPONDENT-APPELLANT.

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-PETITIONER-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Julia M. Brouillette, R.), entered August 28, 2013 in proceedings pursuant to Family Court Act articles 6 and 8. The order, among other things, awarded respondent-petitioner primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother appeals from an order that, inter alia, granted the petition of respondent-petitioner father seeking to modify a prior order of custody by awarding him primary physical custody of the parties' child, and dismissed the mother's family offense petition. We affirm.

Contrary to the mother's contention, we conclude that Family Court properly determined that the father established " 'the requisite change in circumstances to warrant an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement' " (*Matter of Mercado v Frye*, 104 AD3d 1340, 1341, *lv denied* 21 NY3d 859; *see Matter of York v Zullich*, 89 AD3d 1447, 1448). The father presented evidence establishing that the conditions in the mother's residence were unsanitary and unsafe for the child and

that the child had been exposed to instances of sexual abuse while under the mother's care and supervision (*see Matter of Graves v Stockigt*, 79 AD3d 1170, 1171; *Matter of Laurie II. v Raymond JJ.*, 68 AD3d 1170, 1171). Furthermore, according due deference to the court's assessment of witness credibility (*see Graves*, 79 AD3d at 1171), we conclude that the court's determination to award primary physical custody of the child to the father is supported by a sound and substantial basis in the record (*see Mercado*, 104 AD3d at 1341-1342). We note that the mother's contention that the court erred in continuing joint legal custody of the child is raised for the first time on appeal and thus is not properly before us (*see generally Matter of Murphy v Peace*, 72 AD3d 1626, 1626).

Finally, the court did not err in dismissing the mother's family offense petition and refusing to issue an order of protection. The mother contends for the first time on appeal that the father's actions constituted the offenses of menacing in the third degree and disorderly conduct, and we therefore do not consider that contention (*see generally id.*). We reject the mother's further contention that her petition should have been granted on the ground that the father's actions constituted harassment in the second degree. According due deference to the court's credibility determinations (*see Matter of Shelly RR. v Frank SS.*, 72 AD3d 1426, 1426-1427, *lv denied* 15 NY3d 705), we conclude that the mother failed to establish by a "fair preponderance of the evidence" that the father engaged in acts constituting harassment in the second degree (Family Ct Act § 832; *cf. Matter of Chadwick F. v Hilda G.*, 77 AD3d 1093, 1093-1094, *lv denied* 16 NY3d 703).

Entered:  May 8, 2015                           Frances E. Cafarell
                                                Clerk of the Court