Matter of Wandersee v Pretto (2020 NY Slip Op 02569)





Matter of Wandersee v Pretto


2020 NY Slip Op 02569


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


388 CAF 18-02326

[*1]IN THE MATTER OF ASHLEY M. WANDERSEE, PETITIONER-RESPONDENT,
v
DAVID E. PRETTO, RESPONDENT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Monroe County (Kristin F. Splain, R.), entered October 25, 2018 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order of protection issued upon a finding that he committed the family offense of harassment in the second degree under Penal Law § 240.26 (3). We affirm.
Contrary to respondent's contention, the record supports Family Court's determination that petitioner met her burden of establishing by a fair preponderance of the evidence that respondent committed the family offense of harassment in the second degree (see Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26 [3]). A person commits harassment in the second degree under Penal Law § 240.26 (3) when he or she, "with intent to harass, annoy or alarm another person[,] engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (see Matter of Rohrback v Monaco, 173 AD3d 1774, 1775 [4th Dept 2019]). Although one "isolated incident" is insufficient to establish such a course of conduct (People v Chasserot, 30 NY2d 898, 899 [1972]; see People v Valerio, 60 NY2d 669, 670 [1983]), "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [3d Dept 2011] [internal quotation marks omitted]).
Petitioner included two incidents in her family offense petition. In the first, she alleged that she found respondent hiding in her bedroom closet while she was getting dressed in that room. In the second, petitioner alleged that respondent secretly placed a cell phone in petitioner's bedroom with the camera aimed at her bed, and monitored petitioner from his laptop in a nearby room. We conclude that the evidence at the hearing established that respondent committed the conduct alleged in the petition, and that respondent's course of conduct in doing so evidenced a continuity of purpose to harass, annoy or alarm petitioner (see generally Amber JJ., 82 AD3d at 1560). Although respondent contends that the incident where he hid in petitioner's closet was a joke or that he merely intended to startle petitioner, based on respondent's "conduct as well as the surrounding circumstances," the court had a reasonable basis to infer that respondent's intent was to harass, annoy or alarm petitioner (People v Kelly, 79 AD3d 1642, 1642 [4th Dept 2010], lv denied 16 NY3d 832 [2011] [internal quotation marks omitted]; see generally Matter of Kristine Z. v Anthony C., 21 AD3d 1319, 1320 [4th Dept 2005], lv dismissed 6 NY3d 772 [2006]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court