Matter of Marvin I. v Raymond I. (2021 NY Slip Op 02569)





Matter of Marvin I. v Raymond I.


2021 NY Slip Op 02569


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

529432
[*1]In the Matter of Marvin I., Respondent,
v
Raymond I., Appellant. (Proceeding No. 1.)

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Paul G. Madison, Stamford, for Marvin I., respondent.
Christopher Hammond, Cooperstown, for Glenda I. respondent.
Sarah E. Cowen, Sidney, attorney for the children.



Egan Jr., J.P.
Appeals from three orders of the Family Court of Otsego County (Lambert, J.), entered May 8, 2019 and June 14, 2019, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
Petitioner Marvin I. (hereinafter the father) is the father of, as relevant here, three children (born in 2016, 2008 and 2007).[FN1] Petitioner Glenda I. (hereinafter the grandmother) and respondent (hereinafter the grandfather) are the children's paternal grandparents. On August 1, 2018, Family Court issued a stay away order of protection against the grandfather in favor of the grandmother and the children.[FN2] Following an incident on November 29, 2018, the father commenced a proceeding against the grandfather, alleging that the grandfather had committed the family offense of harassment in the second degree and reckless endangerment when he blocked a public roadway with his truck to prevent the father's vehicle from proceeding, and then nearly struck the father with his truck when he subsequently drove away. In February 2019, the grandmother filed two amended petitions on behalf of the children, alleging that the grandfather willfully violated the August 2018 order of protection by being in the presence of the children at the Schoharie County Fair in August 2018 and blocking the roadway with his truck in November 2018.
Following a fact-finding hearing, Family Court determined that the grandfather committed the family offense of harassment in the second degree and violated the order of protection in favor of the children both in August 2018 and November 2018. Following a dispositional hearing, Family Court extended the existing order of protection in favor of the grandmother and the children and issued a second order of protection in favor of the father. The grandfather appeals.
The grandfather contends that Family Court's determination that he committed the family offense of harassment in the second degree is not supported by the record. As relevant here, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she engages in a course of conduct . . . which alarm[s] or seriously annoy[s] such other person and which serve[s] no legitimate purpose" (Penal Law § 240.26 [3]). Although, "an isolated incident cannot support a finding of harassment" (Matter of Evelyn EE. v Lorraine B., 152 AD3d 915, 918 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 903 [2017]), "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [2011] [internal quotation marks and citations omitted]). Ultimately, "[w]hether a family offense has been committed is a factual issue to be resolved by Family Court[*2], and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1042 [2021] [internal quotation marks and citations omitted]).
The evidence at the fact-finding hearing established that, on the morning of November 29, 2018, the father turned his Chevy Tahoe onto a dead-end road to check the ice fishing conditions on a nearby lake. His wife was in the front passenger seat and the children were in the back seat. The grandfather, who was at a friend's house nearby, observed the father's vehicle drive by and both he and his friend thereafter got into their trucks and pursued the father down the dead-end road. When the father reached the dead end, he turned around and, as he drove back down the road, the grandfather and his friend pulled their trucks parallel to one another, blocking both lanes of travel. Two of the children began to cry, the father directed the wife to call 911 and he then exited his vehicle and walked over to the driver's side of the grandfather's truck. The grandfather did not open his window, he said nothing and simply smiled as he placed his hand on a rifle that was located on the center console of the truck. Becoming alarmed, the father grabbed his cell phone and took a few photographs. As he did so, the grandfather abruptly reversed his truck, causing the father to quickly move out of the way to avoid being struck. The father then started filming the incident with his phone and the grandfather then put the truck in drive, spun the tires and sped past the father, requiring him to again move out of the way to avoid being hit. The grandfather then pulled his truck into a driveway a short distance away and the father subsequently observed the grandfather remove two long guns from his truck.
Although the grandfather testified on his own behalf at the fact-finding hearing, he was unable to articulate any legitimate purpose for pursuing the father down the dead-end road, blocking the roadway and then recklessly maneuvering his truck around the father and the father's vehicle in which the children were passengers. Having reviewed the evidence at the fact-finding hearing and giving the appropriate deference to Family Court's credibility determinations, we find that the father proved, by a preponderance of the evidence, that the grandfather engaged in a course of conduct that served no other purpose than to harass and intimidate him and, as such, Family Court appropriately determined that the grandfather committed the family offense of harassment in the second degree (see Family Ct Act § 832; Penal Law § 240.26 [3]; Matter of Evelyn EE. v Lorraine B., 152 AD3d at 917; Matter of Amber JJ. v Michael KK., 82 AD3d at 1560).
We reject the father's contention that the grandmother failed to prove that he violated the August 2018 order of protection on two separate occasions. In order to prove a violation of an order of protection, the petitioner [*3]must establish "by clear and convincing evidence, that [the] respondent willfully violated" its terms (Matter of Allen v Emery, 187 AD3d 1339, 1339-1340 [2020]). With regard to the August 2018 incident at the Schoharie County Fair, the father's wife testified that the grandfather approached the children on three separate occasions in violation of the order of protection. Although the grandfather alleged that he believed that he was allowed to be at the fair at the relevant time period and that he was unaware that the children were present, he ultimately conceded that he was mistaken with regard to the dates that he was permitted to be at the fair, and Family Court was otherwise within its discretion to credit the testimony of the father and his wife over that of the grandfather (see Matter of Cori XX. [Michael XX.—Katherine XX.], 155 AD3d 113, 116-117 [2017]; Matter of Telsa Z. [Rickey Z.], 75 AD3d 776, 777-778 [2010]). With regard to the November 2018 incident, although it is unclear from the record whether the grandfather was expressly aware that the children were present in the father's vehicle when the subject incident occurred, he engaged in said conduct without any regard as to whether the children were present. The children, meanwhile, clearly observed the grandfather's conduct, were upset as a result, and the photographs and video of the incident indicate that the grandfather recklessly maneuvered his vehicle in close proximity to both the father and the vehicle in which the children were passengers and also possessed a firearm in direct contravention of the terms of the subject order of protection. Accordingly, we find no basis to disturb Family Court's determination that the grandfather willfully violated the August 2018 order of protection on both occasions.
Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Subsequent to the commencement of the instant proceedings, the father had another child, who is not at issue on these appeals.

Footnote 2: At all times relevant to these proceedings, the grandmother has resided with the father, the father's wife and the children.