Matter of Ohler v Bartkovich (2023 NY Slip Op 02256)

Matter of Ohler v Bartkovich

2023 NY Slip Op 02256

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

393 CAF 22-01105

[*1]IN THE MATTER OF AMBER M. OHLER, PETITIONER-RESPONDENT,
v
MICHAEL BARTKOVICH, RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Family Court, Monroe County (Tanya Conley, R.), entered June 27, 2022 in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection against respondent. 
It is hereby ORDERED that the order of protection so appealed from is unanimously affirmed without costs and the findings in the underlying decision dated June 27, 2022 that respondent committed the family offenses of disorderly conduct under Penal Law § 240.20 and aggravated harassment in the second degree under section 240.30 (1) are vacated.
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection issued against him, contending that petitioner failed to prove by a fair preponderance of the evidence that he committed a family offense (see § 832). We reject that contention. The undisputed evidence at the fact-finding hearing established that the parties had dated more than a decade earlier and that, after petitioner terminated the relationship, respondent continued to contact her, prompting petitioner to obtain at least two orders of protection against him. After years of not seeing each other, respondent went to petitioner's house uninvited on October 28, 2021 and rang the doorbell. When petitioner answered the door, respondent said that she owed him a conversation. Petitioner responded that she did not want to talk to him and repeatedly asked him to leave. Respondent refused to leave, prompting petitioner to call the police. Respondent eventually left before the police arrived. Approximately six weeks later, respondent again went to petitioner's house uninvited and demanded to speak to her. Petitioner asked him to leave at least a dozen times, but respondent ignored those requests and entered her garage where she was standing. The police arrived shortly thereafter and took respondent into custody, charging him with trespass.
In our view, Family Court properly determined that respondent committed the family offense of harassment in the second degree by engaging in a course of conduct or repeatedly committing acts that alarmed or seriously annoyed petitioner while having the intent to harass, annoy or alarm petitioner (see Penal Law § 240.26 [3]; Matter of Wandarsee v Pretto, 183 AD3d 1245, 1245-1246 [4th Dept 2020]). We agree with respondent, however, that petitioner failed to meet her burden of establishing by a fair preponderance of the evidence that respondent committed the family offenses of disorderly conduct (§ 240.20) or aggravated harassment in the second degree (§ 240.30 [1]). We therefore vacate the finding in the underlying decision that respondent committed those family offenses (see Matter of Whitney v Judge, 138 AD3d 1381, 1382 [4th Dept 2016], lv denied 27 NY3d 911 [2016]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court