Matter of Dhir v Winslow (2024 NY Slip Op 00531)

Matter of Dhir v Winslow

2024 NY Slip Op 00531

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

865 CAF 21-01824

[*1]IN THE MATTER OF SIRBARINDER DHIR, PETITIONER-APPELLANT,
v
RAIMOND WINSLOW, RESPONDENT-RESPONDENT. (APPEAL NO. 3.) 

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), dated November 16, 2021, in a proceeding pursuant to Family Court Act article 8. The order granted respondent's motion to dismiss the petition and dismissed the petition without prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second petition insofar as it alleges that respondent, on or after November 16, 2020, committed the family offenses of harassment in the second degree under Penal Law § 240.26 (3), aggravated harassment in the second degree under Penal Law § 240.30 (2), stalking in the fourth degree under Penal Law § 120.45 (1) to the extent that respondent allegedly engaged in a course of conduct that he knew or reasonably should have known was likely to cause petitioner reasonable fear of material harm to her property, and stalking in the fourth degree under Penal Law § 120.45 (2), and as modified the order is affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act article 8 by filing a petition seeking an order of protection against respondent, her estranged husband with whom she was engaged in divorce proceedings, which petition was superseded by a second petition seeking the same relief based on allegations that respondent committed various family offenses. Family Court, upon respondent's motion, dismissed the second petition for failure to state a cause of action. Petitioner appeals.
Preliminarily, we note that petitioner has expressly abandoned any contention that the court erred in dismissing the second petition to the extent it alleged the commission of family offenses based on conduct before November 16, 2020 (see generally Matter of Rohrback v Monaco, 173 AD3d 1774, 1774 [4th Dept 2019]). With respect to our review of the remaining allegations, we further note that "a family offense petition 'may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense' " (id.).
We agree with petitioner that the second petition alleges conduct on or after November 16, 2020, that would constitute harassment in the second degree under Penal Law § 240.26 (3), and we therefore modify the order accordingly. With respect to the qualifying family offense alleged in the second petition, "[a] person commits harassment in the second degree under Penal Law § 240.26 (3) when [that person], 'with intent to harass, annoy or alarm another person[,] engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose' " (Matter of Wandersee v Pretto, 183 AD3d 1245, 1245 [4th Dept 2020]). "Although one isolated incident is insufficient to establish such a course of conduct . . . , a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (id. [internal [*2]quotation marks omitted]).
Here, petitioner alleged that respondent installed spyware on her Apple laptop computer and that petitioner first noticed in mid-April 2021 that her username had been changed to "Creep" and that all documents related to the divorce proceedings between the parties had been deleted. Petitioner further alleged that, after taking the laptop to a computer store to have the laptop reset, she noticed about a week later that the laptop began showing the matrimonial files, which then disappeared again. Petitioner alleged that respondent was again controlling her laptop remotely. Petitioner also alleged a series of other related incidents. For example, she noticed in late April 2021 that her iPhone password had changed; she received a "spoofed" text message in early May 2021 and she discovered about a day later that respondent had accessed her Dropbox account; and she received another alarming or annoying text message in mid-May 2021 that referred to respondent's pet name for her. Petitioner thus alleged more than an isolated incident and, upon " '[l]iberally construing the allegations of the [second] family offense petition and giving it the benefit of every possible favorable inference,' " we conclude that the second petition alleges acts that, if committed by respondent, would constitute the family offense of harassment in the second degree (Matter of Little v Little, 175 AD3d 1070, 1072 [4th Dept 2019]; see generally Wandersee, 183 AD3d at 1245).
We also agree with petitioner that the second petition alleges conduct on or after November 16, 2020, that would constitute aggravated harassment in the second degree under Penal Law § 240.30 (2), and we therefore further modify the order accordingly. The relevant subdivision provides that a person is guilty of aggravated harassment in the second degree when, "[w]ith intent to harass or threaten another person, [the actor] makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication" (§ 240.30 [2]). "Such intent may, and in most instances must, be established by inferences drawn from the surrounding circumstances . . . , and [i]ntent may be inferred from the totality of conduct of the [actor]" (Matter of Kristine Z. v Anthony C., 21 AD3d 1319, 1320 [4th Dept 2005], lv dismissed 6 NY3d 772 [2006] [internal quotation marks omitted]).
Here, petitioner alleged that she received a telephone call in mid-May 2021, during which the caller began breathing heavily into the phone, which petitioner recognized as the same sound, pattern, and rhythm as in an earlier call that she received from respondent. Respondent's intent to harass could be established by inferences drawn from the surrounding circumstances and totality of his alleged conduct, and we therefore conclude that the second petition sufficiently alleges that respondent committed aggravated harassment in the second degree under Penal Law § 240.30 (2) (see Matter of Shank v Miller, 148 AD3d 1160, 1161 [2d Dept 2017]).
Next, we agree with petitioner that the second petition alleges conduct on or after November 16, 2020, that would constitute stalking in the fourth degree under Penal Law § 120.45 (1) to the extent that respondent allegedly engaged in a course of conduct that he knew or reasonably should have known was likely to cause petitioner reasonable fear of material harm to her property. We therefore further modify the order accordingly. The relevant subdivision provides, in pertinent part, that "[a] person is guilty of stalking in the fourth degree when [the actor] intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause reasonable fear of material harm to the physical health, safety or property of such person" (§ 120.45 [1]). Given the allegations that respondent gained access to petitioner's laptop and iPhone, and made changes to a username, password, and functionality of those devices, we agree that the second petition sufficiently alleges that respondent intentionally and for no legitimate purpose engaged in a course of conduct directed at petitioner that he knew or reasonably should have known was likely to cause petitioner reasonable fear of material harm to her property (see id.).
Additionally, we agree with petitioner that the second petition alleges conduct on or after November 16, 2020, that would constitute stalking in the fourth degree under Penal Law § 120.45 (2), and we therefore further modify the order accordingly. That subdivision provides, in relevant part, that "[a] person is guilty of stalking in the fourth degree when [the actor] intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . causes material harm to the mental or emotional health of such person, where such conduct consists of following, [*3]telephoning or initiating communication or contact with such person . . . , and the actor was previously clearly informed to cease that conduct" (§ 120.45 [2]). For purposes of subdivision two, the term " 'following' shall include the unauthorized tracking of such person's movements or location through the use of a global positioning system or other device" (§ 120.45).
Here, petitioner alleges numerous instances in which respondent, among other things, controlled her laptop remotely through the installation of spyware and initiated communications by telephone or text message that have materially harmed her mental or emotional health. The second petition also sufficiently alleges that petitioner had previously confronted respondent about his behavior following a prior call, and the favorable inference to be drawn from that allegation is that respondent had been clearly informed to cease his conduct (see § 120.45 [2]). We thus conclude that the allegations, if proven, would establish that respondent committed the family offense of stalking in the fourth degree under Penal Law § 120.45 (2) (see Matter of Pamela N. v Neil N., 93 AD3d 1107, 1109 [3d Dept 2012]).
Finally, we have considered petitioner's remaining contentions and conclude that they do not require reversal or further modification of the order.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court