Matter of Carney v Carney (2024 NY Slip Op 04893)

Matter of Carney v Carney

2024 NY Slip Op 04893

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

682 CAF 23-01133

[*1]IN THE MATTER OF JUN CARNEY, PETITIONER-RESPONDENT,
v
PATRICK J. CARNEY, RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR RESPONDENT-APPELLANT. 

 Appeal from an order of the Family Court, Monroe County (Kristin F. Splain, R.), entered May 16, 2023, in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.
Memorandum: Respondent appeals from an order of protection issued upon a finding that he committed the family offense of harassment in the second degree under Penal Law § 240.26 (3). We affirm.
Contrary to respondent's contention, the record supports Family Court's determination that petitioner met her burden of establishing by a fair preponderance of the evidence that respondent committed the family offense of harassment in the second degree (see Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26 [3]). A person commits harassment in the second degree under Penal Law § 240.26 (3) when that person, " 'with intent to harass, annoy or alarm another person[,] engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose' " (Matter of Wandersee v Pretto, 183 AD3d 1245, 1245 [4th Dept 2020]; see Matter of Rohrback v Monaco, 173 AD3d 1774, 1775 [4th Dept 2019]). "Although one 'isolated incident' is insufficient to establish such a course of conduct . . . , 'a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding' " (Wandersee, 183 AD3d at 1245; see Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [3d Dept 2011]).
Petitioner submitted evidence at the hearing establishing that respondent, inter alia, held open her car door, thereby preventing her from driving away from him, on at least two occasions, and parked in front of her garage door for up to 30 minutes at a time, thereby blocking her from being able to remove her car, on at least three occasions. An eyewitness further testified that respondent parked his car in that manner, blocking petitioner's movement, almost every other day. We conclude that the evidence at the hearing established that respondent committed the conduct alleged in the petition, and that respondent's course of conduct in doing so evidenced a continuity of purpose to harass, annoy or alarm petitioner (see Matter of Marvin I. v Raymond I., 193 AD3d 1279, 1279-1281 [4th Dept 2021]; Matter of Jodi S. v Jason T., 85 AD3d 1239, 1241 [3d Dept 2011]; see also Matter of Ohler v Bartkovich, 215 AD3d 1283, 1284 [4th Dept 2023], lv denied 40 NY3d 901 [2023]). Although respondent contends that he had a legitimate purpose for parking in petitioner's driveway inasmuch as he went there to pick up his daughters for visitation, and that he was at most merely acting immaturely, "based on respondent's 'conduct as well as the surrounding circumstances,' the court had a reasonable basis to infer that respondent's intent was to harass, annoy or alarm petitioner" (Wandersee, 183 AD3d at 1246; see People v Kelly, 79 AD3d 1642, 1642 [4th Dept 2010], lv denied 16 NY3d 832 [2011]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court