Matter of Alison EE. v Stephen FF. (2026 NY Slip Op 00180)

Matter of Alison EE. v Stephen FF.

2026 NY Slip Op 00180

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-25-0408
[*1]In the Matter of Alison EE., Appellant,
vStephen FF., Respondent.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Heather S. Odom, Niskayuna, for appellant.
Caitlin L. Curtin, Ballston Spa, attorney for the child.
Jessica Hugabone Vinson, Delmar, attorney for the child.
David P. Dylis, Amsterdam, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Saratoga County (Heather Brondi, J.), entered February 6, 2025, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of three children (born in 2010, 2017 and 2019). In January 2025, at the beginning of a scheduled supervised visit between the father and the children, the father grew angry at the mother and the visit was ultimately canceled. The mother thereafter filed a family offense petition against the father, alleging, as relevant here, that the father had committed harassment in the second degree.[FN1] Following a fact-finding hearing, Family Court concluded that the mother failed to establish by a preponderance of the evidence that the father's behavior rose to the level of harassment in the second degree and thus dismissed the mother's petition. The mother appeals.[FN2]
"The petitioner in a family offense proceeding bears the burden of establishing, by a fair preponderance of the evidence, that the respondent committed one or more of the family offenses specified in Family Ct Act § 821 (1) (a)" (Matter of Boltz v Geraci, 230 AD3d 1450, 1451 [3d Dept 2024] [citations omitted]; see Matter of Pauline DD. v Dawn DD., 212 AD3d 1039, 1040-1041 [3d Dept 2023], lv denied 39 NY3d 915 [2023]). The family offense of harassment in the second degree is committed, as pertinent in this case, when a person, "with intent to harass, annoy or alarm another person . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]; see Matter of Samah DD. v Mark VV., 235 AD3d 1116, 1119-1120 [3d Dept 2025], lv denied 44 NY3d 901 [2025]). "[A] pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support" a finding of harassment in the second degree (Matter of Marvin I. v Raymond I., 193 AD3d 1279, 1280 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of McKenzie v Berkovitch, 192 AD3d 1413, 1415 [3d Dept 2021]; Matter of Wandersee v Pretto, 183 AD3d 1245, 1245-1246 [2020]). That said, an isolated incident is insufficient to establish harassment (see Matter of Marvin I. v Raymond I., 193 AD3d at 1280).
The hearing evidence reflected that, when the mother and the father arrived at the agreed-upon meeting place for the father to visit with the children, the mother brought only the youngest child and not the two older children. Upon realizing this, the father became angry, called the mother several curse words, and threw a piece of cheese at her vehicle. The mother then terminated the visit and the parties drove away in their separate vehicles. By the mother's account, the entire interaction lasted approximately five minutes. Even when viewing this evidence [*2]in the light most favorable to the mother, we agree with Family Court that she failed to meet her burden of establishing a course of conduct or repeated acts necessary to commit harassment in the second degree (see Matter of Evelyn EE. v Lorraine B., 152 AD3d 915, 917-918 [3d Dept 2017], lv denied 30 NY3d 903 [2017]; Matter of Christina MM. v George MM., 103 AD3d 935, 936-937 [3d Dept 2013]; compare Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [3d Dept 2011]). Accordingly, the petition was appropriately dismissed.
Aarons, J.P., Reynolds Fitzgerald, Fisher and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother also alleged that the father had committed harassment in the first degree and criminal contempt in the second degree, but has raised no arguments on appeal with regard to those allegations, such that they are deemed abandoned (see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1040 n 2 [3d Dept 2021]).

Footnote 2: The appellate attorneys for the oldest and middle child, respectively, are supportive of the mother's position on appeal, while the appellate attorney for the youngest child favors affirming Family Court's determination. The father did not file a brief on appeal.