OPINION OF THE COURT
 

 Bellacosa, J.
 

 The sole issue in this case is the discretionary authority of the Family Court to impose consecutive six-month incarcerations for three separate violations of an order of protection. The respondent former husband in the Family Court proceeding is the appellant before this Court on an appeal as of right taken on the dissent of two Justices at the Appellate Division.
 

 By a dispositional order in 1993, Family Court committed appellant to jail for multiple violations of a Family Court order of protection secured by his former wife. In the same order, the court suspended an additional nine-month commitment for other discrete violations. The court then issued a new order of protection, essentially directing Fred Walker to refrain from any contact whatsoever with Emma Walker. While jailed, he nevertheless sent three separate written communications to her. As the protected and aggrieved party, she filed two further petitions alleging these three new, willful failures to obey the latest order of protection and seeking appropriate relief. After a hearing, Family Court found that appellant disobeyed the new order by the three separate acts of communication.
 

 In adjudicating the latest round of violations, Family Court issued a dispositional order revoking the suspension of the
 
 *627
 
 prior commitment and, pursuant to Family Court Act § 846-a, also ordered defendant jailed for six months for each of the new violations. The combined period of incarceration accumulated to 27 months. Only the consecutive six-month jail commitments imposed by Family Court for these three violations are at issue here. The dispositive legal question on this appeal emanates from the commitment authorization in Family Court Act § 846-a and particularizes to whether Family Court is authorized to impose consecutive commitments for separate, multiple violations of one order of protection.
 

 The Appellate Division, with two Justices dissenting in part, affirmed Family Court’s dispositional order, holding that consecutive periods of incarceration are authorized. In affirming, we hold that the Family Court is not generally precluded from imposing, in the exercise of prudent and appropriate discretion, a maximum six-month jail commitment for each separate and distinct violation of an order of protection, to be served consecutively.
 

 While appellant failed to preserve the objection to the consecutive jail terms, we may nevertheless consider the issue because it involves a court’s "essential” authority to incarcerate, as legally prescribed
 
 (see, e.g., People v Fuller,
 
 57 NY2d 152, 156). The alternative constitutional argument addressing limitations on lengths of incarceration relative to the right to a jury trial was also not preserved, but no recognized exception permits review by this Court of that issue under these circumstances
 
 (see, Lichtman v Grossbard,
 
 73 NY2d 792,
 
 rearg denied
 
 73 NY2d 912;
 
 Melahn v Hearn, 60
 
 NY2d 944, 945).
 

 Sections 841 and 842 of the Family Court Act authorize the inclusion of orders of protection as part of dispositional orders in family offense proceedings. Family Court Act § 846-a prescribes the procedure and penalty for failure to obey such an order:
 

 "If a respondent is brought before the court for failure to obey any lawful order issued under this article and if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order, the court may * * * commit the respondent to jail for a term not to exceed six months.”
 

 Appellant claims that the statute allows a maximum of six months’ incarceration only, regardless of the number of will
 
 *628
 
 fui acts of disobedience against the same order. That limitation finds no support, however, in the statute or its purpose.
 

 Under appellant’s argument, a violator already penalized for willfully failing to obey an order of protection would garner immunity from further official sanction for persistent, separate violations
 
 (see, Carmille A. v David A.,
 
 162 Misc 2d 22, 26). Such an approach is in no way compelled or warranted by the governing statutes, sentencing principles or reasonable statutory analysis. Its incongruous and untenable result would also constitute an invitation to violate and no incentive to obey.
 

 That appellant disobeyed the court’s order from jail serves only to underscore the need for an effective judicial option for appropriate punishment and deterrence. To disallow consecutive penalties under these circumstances would also elevate form over substance and frustrate the core purpose of Family Court Act article 8, which is designed to provide reasonable means and methods of protection and enforcement for victims of domestic violence. We thus reject this construction and constriction of the statutory authority of Family Court Judges in dealing with such situations and agree with the resolution of this matter by both courts below.
 

 In 1980, the Legislature amended the Family Court Act to provide new focus and direction for more aggressive measures that would protect victims of domestic violence (L 1980, ch 530; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act art 8, at 128). The statute unequivocally and firmly declares that a proceeding under article 8 "is for the purpose of attempting to stop the violence, end the family disruption and obtain protection” (Family Ct Act § 812 [2] [b];
 
 see also,
 
 Governor’s Prog Mem, L 1980, ch 530, 1980 Legis Ann, at 212; L 1994, ch 222). Indeed, victims are given the option of proceeding in Family Court or Criminal Court (Family Ct Act §§ 812, 813 [1]). Private aggrieved parties may petition for protection by way of a violator’s incarceration for violations of Family Court orders under the corresponding punishment section, section 846-a (L 1980, ch 530, § 10; Family Ct Act §§ 846, 846-a [as renum];
 
 see also,
 
 L 1994, ch 222). Stricter enforcement of orders of protection thus became the statutory order of the day and continues as the prevailing policy today. Importantly, no restriction on consecutive punishment for separate acts is statutorily expressed. We conclude also that no such limitation may be
 
 *629
 
 reasonably inferred from the diametrically opposite thrust of the legislative intent.
 

 Our conclusion drawn from direct statutory analysis is supplemented and supported by common-law principles dealing with consecutive punishments in the criminal realm. The familiar canon of construction that "legislative enactments in derogation of common law * * * are deemed to abrogate the common law only to the extent required by the clear import of the statutory language” is a useful directional signal
 
 (Morris v Snappy Car Rental,
 
 84 NY2d 21, 28;
 
 see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 153). The Family Court, as a court of limited jurisdiction created by constitutional amendment effective in 1962 (NY Const, art VI, § 1 [a]), does not enjoy our customary common-law tradition and building blocks
 
 (see,
 
 Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 115, at 23). In light of the punitive nature of Family Court Act § 846-a, however, it is helpful to look to analogous common-law rules relating to concurrent and consecutive sentencing regimens for penal violations
 
 (see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 273).
 

 Courts have long enjoyed sentencing discretion to impose consecutive penalties for multiple crimes
 
 (see, People v Ingber,
 
 248 NY 302, 305 [Cardozo, Ch. J.]). In upholding this general power when a pertinent sentencing statute neither specifically authorizes nor prohibits consecutive sentences, Chief Judge Cardozo declared that "[w]e think the discretionary power of the court to impose a cumulative [consecutive] sentence in cases not covered by the mandatory statute remains, undiminished, as it was at common law”
 
 (id.,
 
 at 304-305; see
 
 also, Matter of Browne v New York State Bd. of Parole,
 
 10 NY2d 116, 120;
 
 Ponzi v Fessenden,
 
 258 US 254, 265). Indeed, at the time of
 
 Ingber
 
 and still today, when the Legislature intends to circumscribe judicial authority to impose consecutive punishments, it does so explicitly
 
 (see, e.g,
 
 Penal Law § 70.25 [2];
 
 compare, People ex. rel Maurer v Jackson,
 
 2 NY2d 259, 264).
 

 Instead of appellant’s inverted focus — that section 846-a does not specifically authorize consecutive sentences — we advert to Chief Judge Cardozo’s teaching that "[njothing short of obvious compulsion will lead us to a reading of the statute whereby the pains and penalties of crimes are shorn of all terrors more poignant than a form of words”
 
 (People v Ingber,
 
 248 NY 302, 306,
 
 supra).
 
 That reasoning and eloquent expres
 
 *630
 
 sion apply with equal force to the Family Court’s enforcement and punishment authority with respect to orders of protection pursuant to section 846-a. The three consecutive penalties imposed on appellant for his willful flouting (from jail, while serving time for prior violations of an earlier order of protection) of the most recent order of protection fit within the authorization of Family Court Act § 846-a. That also helps to insure that the statute and the order are not "shorn of all terrors” and relegated to merely "a form of words”
 
 (People v Ingber, supra,
 
 at 306).
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed, without costs.