■ In the Matter of GARY STEINHILPER, on Behalf of BEATRICE STEINHILPER, Respondent, v LINDA DECKER, Appellant. [827 NYS2d 738]—

Cardona, P.J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered February 27, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner, as power of attorney for his mother, Beatrice Steinhilper, commenced two family offense proceedings in Family Court seeking orders of protection for her against respondent, who is Steinhilper's daughter, and respondent's husband, Bob Decker. The petitions alleged, among other things, that respondent employed a fraudulent power of attorney to withdraw money from Steinhilper's bank accounts, used Steinhilper's name to open credit cards and make purchases, and induced Steinhilper to convey title of her home to respondent, taking a mortgage on the house before ultimately reconveying it to Steinhilper. Family Court issued ex parte temporary orders of protection against respondent and her husband. Following two hearings, the court granted the petition against respondent and issued a permanent order of protection prohibiting respondent from having any contact with Steinhilper.* Respondent appeals contending that Family Court lacked jurisdiction because the acts alleged to have been committed are not the proper subject of a family offense proceeding.

Initially, we are unpersuaded by petitioner's assertion that the matter is moot because Family Court issued a subsequent order during the pendency of this appeal permitting respondent to have contact with Steinhilper under certain specified conditions. Because the appeal deals directly with whether Family Court had jurisdiction to issue an order of protection, "the ap-

---

* Although Family Court's order references the docket numbers associated with both of the aforementioned proceedings, the court issued relief only concerning respondent. Respondent's husband has not appealed from Family Court's order.

peal continues to have immediate consequence[s] for the parties" (*Matter of Johnson v Pataki*, 91 NY2d 214, 222 [1997]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 812 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Accordingly, the controversy is not moot.

Turning to the merits, Family Court's jurisdiction over family offense proceedings is limited to those acts between family members that "would constitute disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking . . . , menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault" (Family Ct Act § 812 [1]). The allegations against respondent distill to a series of financial transactions perpetrated by fraud and manipulation against Steinhilper. We are unpersuaded by petitioner's assertion that such financial improprieties constitute harassment in the second degree (*see* Penal Law § 240.26 [3]). Inasmuch as the nature of the allegations in the petition do not constitute any criminal act specifically enumerated in Family Ct Act § 812, Family Court lacked subject matter jurisdiction to entertain the petition and it must be dismissed (*see Matter of Hamm-Jones v Jones*, 267 AD2d 904, 905 [1999]). In view of this conclusion, we need not address respondent's remaining contention.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.