OPINION OF THE COURT
Douglas E. Hoffman, J.
This matter comes before the court upon motion by respondent Piliganor Parker for an order vacating a four-year final order of protection entered upon default in Family Court, Queens County.* The order of protection, inter alia, required Mr. Parker to stay away from petitioner Rosita Ram-Parker and the parties’ three children. In the alternative, Mr. Parker seeks modification of the order of protection to permit him to visit with the children. For the reasons set forth below, the court denies the motion in its entirety, except to the extent of directing periodic review of the need for continuation of the order of protection and of Mr. Parker’s request to visit with the subject children under a best interest of the children standard.
Procedural History
Petitioner Rosita Ram-Parker filed the instant family offense petition in Family Court, Queens County, on August 1, 2006. Petitioner alleged in pertinent part that respondent Piliganor Parker physically assaulted her on numerous occasions and threatened to shoot her. Although served with a copy of the summons and petition, Mr. Parker did not appear on the return date of the petition, September 7, 2006. The Presiding Judge in the Part conducted an inquest on that date. Finding aggravated circumstances, the judge entered a final order of protection on the same date for a term of four years, requiring respondent to stay away from petitioner and her children, and to refrain from communicating with or committing any acts constituting a family offense against petitioner mother and the children.
On September 8, 2006, respondent father filed a petition in Queens County Family Court (docket Nos. V-18276-78/06) seeking visitation with the children. The court dismissed the petition without prejudice on October 17, 2006 as neither party ap *484 peared. There is no indication that the father ever served the mother with the petition.
This is how matters remained until November 27, 2007, when the Administration for Children’s Services filed neglect petitions against the mother in Family Court, Bronx County, alleging in pertinent part that the mother had engaged in sexual intercourse with a 12-year-old minor and that the home and the children were malodorous. Through that date the father had no contact with the children at least since the mother had filed the 2006 family offense petition.
On April 8, 2008, the mother withdrew her previous denial to the allegations of the neglect petition and submitted to the jurisdiction of the Family Court pursuant to Family Court Act § 1051 (a). Based upon the allegations set forth in the verified petition, the court found that the mother neglected the subject children based upon failure to exercise a minimum degree of care in providing the subject children with adequate guardianship and supervision. As part of the dispositional order, petitioner mother was ordered to refrain from making disparaging comments against Mr. Parker, who was not a respondent in the neglect proceedings.
During the pendency of the neglect proceedings, the father filed the instant motion in Family Court, Queens County, in the family offense proceeding seeking vacatur, or in the alternative modification, of the four-year final order of protection. The motion was transferred to Bronx County Family Court on or about January 15, 2008 without a decision on the motion. This court received the motion on March 10, 2008, and a letter was sent to all counsel seeking submission of response papers, particularly concerning the potential impact of a Court of Appeals decision discussed below.
In support of his motion, the father submitted an affidavit stating that he mistakenly appeared in Family Court, Queens County, one day late, on September 8, 2006, and that he took immediate action by filing a custody petition. He contends that he was not able to effectuate service of the custody petition, and therefore that matter was dismissed. With respect to that branch of his motion seeking to establish a meritorious defense, the father contends that the mother’s allegations in the 2006 family offense petition are false and that the mother brainwashed the subject children in a manner that caused them to fear him.
In response, both petitioner and the Law Guardian submitted affirmations in opposition, claiming that respondent failed *485 timely to file his motion to vacate within the statutory one-year period, and furthermore, that the interests of justice require finality herein. The Law Guardian also submits, from a factual standpoint, that the subject children fear respondent and have no desire to visit with him as a result of observing acts of violence by the father perpetrated against the mother.
During oral argument, the court asked the parties to address the possible impact upon the motion of the Court of Appeals decision in Matter of Sheena D. (8 NY3d 136 [2007]). In Sheena D., the Court held, inter alia, that in the context of a Family Court Act article 10 proceeding, the trial court must conduct periodic review of an order of protection to determine whether or not continuance of the order of protection is in the best interest of a subject child. In the instant case, this court expressed the concern that a four-year order of protection against a natural parent, which order required that parent to stay away from his children for that entire period of time without periodic review of the order, could have a significant impact upon the parent-child relationship sufficient to invoke the same concerns expressed by the Court of Appeals in Sheena D. The parties submitted supplemental affirmations which have been reviewed by the court. The Administration for Children’s Services and respondent supported application of Matter of Sheena D. to the instant case while petitioner and the Law Guardian opposed such an application. Upon reflection, this court finds that, although the Court of Appeals holding in Sheena D. is specific to an article 10 proceeding and is not automatically applicable to the instant Family Court Act article 8 proceeding, the reasoning employed by the Court of Appeals in Sheena D. in limiting the duration and expanding the required review of an order of protection in article 10 proceedings is instructive for a court in determining the length and level of review of an order of protection issued pursuant to a family offense petition. The reasons for this conclusion are set forth infra.
Conclusions of Law
The court denies that branch of the instant motion seeking an order pursuant to CPLR 5015 vacating the order of protection based upon excusable default and a meritorious defense. As a threshold matter, petitioner contends that the motion must be denied because of the more than one-year delay in filing the motion. This argument is unavailing, however, as the motion must be made within one year after service of a copy of the order *486 with written notice of its entry upon the moving party. (CPLR 5015 [a] [1].) Petitioner has not submitted any proof of service of a copy of the order with notice of entry. While as a practical matter the Clerk’s office of Family Court usually mails a copy of the order, the file does not indicate that this was done and therefore this court cannot presume that this was done in this particular proceeding or that such a mailing would satisfy statutory requirements.
Respondent has not, however, shown an excusable default for his failure to appear on the return date of the family offense petition. He clearly received notice of the actual court date. If respondent had appeared one day late, elementary inquiry of court personnel would have established the correct court date and respondent could easily have filed a motion to vacate the default. Respondent asserts that he filed a custody petition that was dismissed based upon his failure to serve the mother. In fact, the court papers reveal that the father filed a visitation, not a custody petition. Where service upon a party whose address is confidential cannot be effectuated, the procedure in effect at that time was to have the court notify the party whose address is confidential. Respondent herein presented no evidence as to attempts to locate the mother or to effectuate service of a custody petition. There certainly was no impediment to the father filing a motion to vacate the order of protection. Respondent acknowledges receiving notice of the existence of the order of protection on September 8, 2006, but did not file the instant motion until 16 months later. Under these circumstances, respondent has not established the excusable default prong of his vacatur motion. Respondent’s extended delay in filing the instant motion and his apparent lack of diligence in seeking to challenge the order of protection prior to the filing of this motion undercuts his argument that the court should exercise its inherent discretion to vacate an order in the interests of justice. In addition, the clear and repeated statements of the subject children as to witnessing serious acts of domestic violence against their mother by respondent also negatively impact upon the application to have the order vacated in the interests of justice. Thus, there is no appropriate basis upon which this court should rely in vacating the order of protection based upon excusable default and meritorious defense or in the interests of justice.
This does not end the inquiry, however. In Sheena D. (supra), the Court of Appeals held that an order of protection issued in *487 an article 10 proceeding may not extend beyond the order of fact-finding and disposition, although supervision over a case and, consequently, possible extension of an order of protection, may take place after meaningful periodic review. (See Matter of Andrew Y., 44 AD3d 1063 [2d Dept 2007].) The Court of Appeals relied upon specific legislative amendments to article 10 limiting the time frame of orders of protection issued in such proceedings as a primary basis for its holding.
There is no such temporal limitation set forth in article 8 proceedings. Article 10 and article 8 proceedings have very different purposes and goals. The purpose of article 10 is to safeguard a child’s physical, mental and emotional well-being while protecting the due process rights of a parent from inappropriate and improper state intervention. (Family Ct Act § 1011.) This is premised on the belief that a family has a right to privacy away from government intrusion (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1011, at 288 [1999 ed], citing Griswold v Connecticut, 381 US 479 [1965]), and that children should not be removed absent imminent risk and upon showing that reasonable efforts have been made to keep the family intact. (See Family Ct Act § 1027.) In fact, the court must review the reasonable efforts of the agency to reunite the family upon removal at least every six months until permanency is achieved for the subject child when a child is remanded to the care and custody of the Commissioner of Social Services. (Family Ct Act § 1089.) Throughout article 10 proceedings the court may issue orders of protection for a specific duration and after periodic review. (Family Ct Act § 1056.)
On the other hand, the purpose of article 8 is to “attempt[ ] to stop the violence, end the family disruption and obtain protection.” (Family Ct Act § 812 [2] [b]; see Matter of Walker v Walker, 86 NY2d 624, 628 [1995].) An order of protection issued under article 8 is still a civil proceeding between two private parties. Unlike an article 10 order of protection, which is issued for the assistance of or as a condition of another order, the issuance and entry of a final order of protection is the objective for the petition under article 8.
While article 10 directly focuses upon the well-being of the children while protecting fundamental parental rights, the primary goal of article 8 proceedings is to circumscribe domestic violence. While cautious in child protective proceedings, the legislature is very aggressive when dealing with protecting *488 victims of domestic violence (Walker at 628). Recent legislative acts underscore this sentiment. In 2003, the permissible duration of an “ordinary” order of protection was extended from one to two years, and upon showing aggravated circumstances, from three to five years (Family Ct Act § 842, as amended by L 2003, ch 579, § 1). In 2006, “companion animal” was added as a permissible inclusion in the order of protection (Family Ct Act § 842 [i], as added by L 2006, ch 253, § 6). And recently, the legislature expanded the definition of permissible petitioners (Family Ct Act § 812 [1], as amended by L 2008, ch 326, § 7). Just last month, the Appellate Division, First Department, affirmed a five-year order of protection against a father that included a provision requiring him to stay away from his child, except for court-ordered visitation. (Matter of Melissa Marie G. v John Christopher W., 57 AD3d 314 [1st Dept 2008].)
The language of Matter of Sheena D. is very clear that the issue being addressed is specific to orders of protection under article 10. The Court of Appeals stated that the 1989 amendment to Family Court Act § 1056 was in direct response to Matter of Erin G. (139 AD2d 737 [2d Dept 1988]), wherein a Family Court granted an order of protection until the child’s 18th birthday without review. The amendment was designed to ensure that an order of protection was not unduly continued without periodic review in child protective proceedings, as such an order “could constitute [an] unduly harsh punishment and intrusion into parental rights.” (Matter of Sheena D. at 140, quoting Mem of Dept of Social Servs, Bill Jacket, L 1989, ch 220.) The Court of Appeals emphasized that most dispositional orders under article 10 have statutory limitations and require periodic review. As orders of protection issued under Family Court Act § 1056 are specifically contingent upon other dispositional orders rendered under article 10, to permit such an order in a child protective proceeding without limitation and review would contravene legislative intent. (Id. at 142.) In Sheena D., the Court of Appeals found that permitting the existing order of protection would intrude upon the respondent parent’s rights in that case.
The order of protection in the instant case was entered pursuant to article 8 of the Family Court Act. Although this article has been under constant review, the legislature has not chosen to modify or change article 8 in light of Matter of Sheena D. Rather, any modification and review continues to remain pursuant to Family Court Act § 844. This section permits a family *489 court after hearing to reconsider and modify any order of protection issued under Family Court Act § 841. The primary purpose of this section is “to allow the Court to refashion its dispositional orders based on changed circumstances or new information.” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 844, at 264 [1999 ed].)
Although this court holds that Sheena D. does not mandate vacatur or modification of the subject order of protection, the concerns expressed by the Court of Appeals as to unduly lengthy intrusion into a parent-child relationship without periodic review will inform in part this court’s continued review and possible modification of the order of protection pursuant to Family Court Act § 844. Although there may be no basis to modify the order of protection on behalf of the mother, the court has been presented with a change of circumstances concerning the subject children which this court must address. Since the original order of protection was issued on behalf of the subject children in 2006, the mother was arrested for having sexual relations with a 12-year-old boy and the mother submitted to this court’s jurisdiction pursuant to Family Court Act § 1051 (a) in neglect proceedings concerning the subject children. At least one of the subject children has expressed interest in possibly resuming a relationship of some kind with the father. The subject children are receiving individual therapy and the issue of their relationship with their father is one of the issues addressed in therapy. Under these circumstances, the court will conduct an evidentiary hearing as to whether the length and terms of the order of protection should be modified insofar as they relate to the subject children based upon a change of circumstances since the original order was issued.

 As there is a neglect proceeding currently pending in this court concerning the same children who are the subject of the instant motion, Family Court, Queens County, referred the instant motion to this court.