*589 Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about December 22, 2010, which, inter alia, granted petitioner mother’s motion for summary judgment on her family offense petition, finding that respondent father committed acts that constituted aggravated harassment in the second degree, and awarded her a five-year order of protection directing respondent to, inter alia, stay away from and cease communication with her and the parties’ child, unanimously affirmed, without costs.
Contrary to respondent’s contentions, his decision to proceed pro se during the family offense proceeding was made knowingly, willingly, and voluntarily. The record reveals that the court not only informed respondent of his right to counsel (see Family Ct Act § 262), but on three separate occasions assigned a different counsel to him. Respondent dismissed each of them without cause in order to represent himself based upon his own strategic reasoning. Under these circumstances, the fact that he was unrepresented did not constitute a denial of due process; he was plainly competent to elect to proceed pro se and did so freely (see Matter of Emma L., 35 AD3d 250 [1st Dept 2006], lv denied and dismissed 8 NY3d 904 [2007]; Matter of James Joseph M. v Rosana R., 32 AD3d 725 [1st Dept 2006], lv denied 7 NY3d 717 [2006]; Matter of Anthony K., 11 AD3d 748 [3d Dept 2004]).
Respondent’s conviction on four counts of aggravated harassment in the second degree as to petitioner serves as conclusive proof of the underlying facts in the instant proceeding, since he had a full and fair opportunity to contest the issues raised in the criminal proceeding (see Grayes v DiStasio, 166 AD2d 261, 263 [1st Dept 1990], citing Gilberg v Barbieri, 53 NY2d 285, 291 [1981]).
We find that the family offense petition was established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Nelson-Waller v Waller, 60 AD3d 1068 [2d Dept 2009]).
The Family Court properly found aggravating circumstances, based on respondent’s conduct in sending harassing letters to petitioner from prison in repeated violation of the prior order of protection (see Family Ct Act § 827 [a] [vii]), his criminal conviction of four counts of aggravated harassment with regard to petitioner, and his aggressive threatening conduct in court, which the court observed and determined constituted an immediate and ongoing threat to petitioner (see Matter of Pearlman v Pearlman, 78 AD3d 711 [2d Dept 2010]; Family Ct Act § 827 [a] [vii]).
*590 Although respondent’s threats were directed at petitioner, they impacted upon the child, and thus the Family Court properly issued a five-year order of protection in favor of both the mother and the child (see Matter of Amy SS. v John SS., 68 AD3d 1262 [3d Dept 2009], lv denied 14 NY3d 704 [2010]). A full stay-away order was also appropriate, since the father had no relationship with the then six-year-old child due to his incarceration from the time the child was only four months old (see id.). Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.