In the Matter of JAYNIE S., Respondent, v GAETANO D., Appellant. [22 NYS3d 12]—

Order, Family Court, Bronx County (Diane Kiesel, J.), entered on or about November 14, 2013, which, after a nonjury trial, determined that respondent committed the family offenses of aggravated harassment and stalking, by sending several letters to petitioner, and that aggravated circumstances existed, and imposed a five-year order of protection against respondent, unanimously affirmed, without costs.

Respondent's request for vacatur of the finding that he committed the family offense of aggravated harassment in the second degree, on the basis that Penal Law § 240.30 (1) (a) has been declared unconstitutional by the Court of Appeals (*see People v Golb*, 23 NY3d 455, 467-468 [2014], *cert denied* 574 US —, 135 S Ct 1009 [2015]), is unpreserved, and we decline to review it in the interest of justice (*see People v Scott*, 126 AD3d 645 [1st Dept 2015], *lv denied* 25 NY3d 1171 [2015]; *Matter of Nakia C. v Johnny F.R.*, 132 AD3d 531 [1st Dept 2015]).

In addition, we find that the credited hearing testimony proved by a fair preponderance of the evidence that respondent's actions, by mailing petitioner two additional letters, dated November 14, 2012 and November 17, 2012, and a third letter, dated November 20, 2012, addressed to the child, after he received the August 16, 2012 temporary order of protection, constituted the family offense of stalking in the fourth degree because it cannot be seriously argued that he was not "clearly informed" to cease sending petitioner and the child letters (*see* Penal Law § 120.45 [2]). Although the August 16, 2012 temporary order of protection states that respondent was not to communicate with petitioner or the child except for contact as necessary to effectuate court-ordered visitation or to discuss the child's welfare, the record shows that there was no order of visitation in place when respondent sent the November letters to petitioner and the contents of those letters go beyond asking for visitation with the child or inquiring about his welfare. Moreover, the mother testified that receiving the letters had frightened her.

Contrary to respondent's contention, the Intergrated Domestic Violence Court properly determined that a fair preponderance of the evidence supported a finding that respondent sent harassing letters to the mother from prison in repeated violation of the temporary order of protection, which constituted aggravating circumstances and warranted the issuing of a five-year order of protection (*see* Family Ct Act § 827 [a] [vii]). Indeed, the record shows that on February 22, 2001, respondent pleaded guilty to menacing in the second degree in connection with pointing a rifle at the mother, had violated prior orders of protection issued in the mother's and the child's favor directing him to stay away from them, and was willing to violate the temporary order of protection by addressing the mother directly in open court (*see Matter of Angela C. v Harris K.*, 102 AD3d 588, 589-590 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.