(February 28, 2017)

■ In the Matter of Lisa T., Respondent, v King E.T., Appellant. [48 NYS3d 119]—

Order, Family Court, Bronx County (John J. Kelley, J.), entered on or about June 30, 2015, which, inter alia, found that respondent willfully violated two temporary orders of protection, unanimously affirmed, without costs. Order, same court and Judge, entered on or about July 8, 2015, which issued a one-year order of protection against respondent, affirmed, without costs.

Respondent was on notice of the conduct prohibited under the October 3, 2013 order of protection, with which he was served in court. Despite his nonappearance in court on November 20, 2013, the prominent warning on the face of the October 3, 2013 order put respondent on fair notice that the order would be extended (*see People v Hopkins*, 275 AD2d 667 [1st Dept 2000], *lv denied* 95 NY2d 935 [2000]).

Respondent's April 3, 2014 email contained statements clearly intended to harass petitioner, in violation of the order of protection that was entered that same day (*see Matter of Jaynie S. v Gaetano D.*, 134 AD3d 473, 474 [1st Dept 2015], *lv*

*denied* 26 NY3d 917 [2016]; *Matter of Angela C. v Harris K.*, 102 AD3d 588, 589 [1st Dept 2013]).

Respondent's appeal from the July 8, 2015 order of protection has not been rendered moot solely by the expiration of that order. As the Court of Appeals held in *Matter of Veronica P. v Radcliff A.* (24 NY3d 668, 671 [2015]), the "expiration of the order of protection does not moot the appeal because the order still imposes significant enduring consequences upon respondent, who may receive relief from those consequences upon a favorable appellate decision."

Because the appeal has not been rendered moot, we must consider the merits of the order of protection, and we now find that it was properly issued. Family Court Act § 846-a, "Powers on failure to obey order," is "punitive [in] nature"; it prescribes the procedure and penalties for failing to obey a temporary order of protection (*see Matter of Walker v Walker*, 86 NY2d 624, 629 [1995]). Specifically, the court is permitted to issue a new order of protection if the respondent is "brought before the court for failure to obey [a] . . . temporary order of protection issued pursuant to this act . . . and if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey . . . such order" (Family Ct Act § 846-a). Under Family Court Act § 846-a the new order of protection must be in accordance with Family Court Act § 842, which permits a court to issue such an order upon a finding "on the record that the conduct alleged in the petition is in violation of a valid order of protection."

Here, the Family Court found, on the record after a hearing, that respondent had willfully violated the temporary order of protection with his April 3, 2014 emails containing statements clearly intended to harass petitioner. As a result of this determination, the Family Court conducted a dispositional hearing on respondent's violation of the temporary order of protection, and thereafter issued a new order of protection. The Family Court adhered to the prescribed procedure and did not exceed its jurisdiction by issuing this final order of protection.[1]

Our dissenting colleague contends that Family Court Act

---

1. The legislative history of Family Court Act § 842 makes plain that the primary goal of the statute is to prevent further abuse and additional violence and to provide victims of domestic violence with meaningful access to the protection of the law (*see* Mem of Assembly Judiciary Committee, Bill Jacket, L 2010, ch 325 at 5-6). Indeed, the statutory language specifically provides that on a motion to extend an order of protection, the "fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order" (Family Ct Act § 842).

§ 846-a must be read to provide that a "final" order of protection can only be issued upon the Family Court's determination that: (1) the respondent willfully violated a final order of protection that itself was issued upon a finding that a family offense was committed; or (2) the respondent's violation of a temporary order of protection constituted a family offense; or (3) the respondent's violation of a final order of protection constituted a family offense. There is no support in the statute or in the case law for this proposition. The dissent's argument would require this Court to read language into the statute that is, simply, not there. Family Court Act § 846-a does not require a finding of the commission of a family offense.

The dissent's reliance on Family Court Act § 812 is misplaced, since that section addresses concurrent jurisdiction between the Family Court and Criminal Court. Family Court Act § 841—"Orders of disposition"—also does not save the dissent's argument, as that section provides that the court may, upon a determination that no family offense has been committed, dismiss the petition. Moreover, as previously stated, we read Family Court Act § 846-a as prescribing the remedies available to the court when a respondent violates a temporary order of protection, which is what is at issue here.

The case of *Matter of V.C. v H.C.* (257 AD2d 27 [1st Dept 1999]), cited by our dissenting colleague, is inapposite and simply details the steps a court should take when a family offense is found to have been committed; it does not dictate that the finding of a family offense must exist before an order of protection can be issued. Moreover, the court in *Matter of V.C.* did not address Family Court Act § 846-a. *Matter of Mary C. v Anthony C.* (61 AD3d 682 [2d Dept 2009]) and *Matter of Steinhilper v Decker* (35 AD3d 1101 [3d Dept 2006]) also do not dictate that a finding that the respondent committed a family offense must exist in order for the court to issue an order of protection. Rather, in both cases, the courts focused on the allegations in the petitions and the fact that the alleged acts did not constitute acts specifically enumerated in Family Court Act § 812, and thus concluded that they lacked subject matter jurisdiction over the family offense proceedings and dismissed the petitions. Such is not the case here, where the petition before the court alleged acts that are specifically enumerated in Family Court Act § 812.

We have considered respondent's remaining contentions and find them unavailing. Concur—Acosta, J.P., Richter, Mazzarelli and Kapnick, JJ.

Gesmer, J., dissents in part in a memorandum as follows: I respectfully dissent in part.

I agree with the majority's decision except its affirmance of the final order of protection issued by the Family Court on July 8, 2015 (the 2015 OP). When the Family Court issued that order, it had not found that respondent (the father) had committed any family offense. Issuing an order of protection under these circumstances is inconsistent with article 8 of the Family Court Act, which gives the Family Court jurisdiction to issue a final order of protection only where it has concluded by a fair preponderance of the evidence that the respondent committed acts that constitute one of the enumerated family offenses (*see* Family Ct Act §§ 812, 832).

This proceeding arises in the context of a contentious custody dispute. Petitioner (the mother) filed a family offense petition against the father on December 10, 2012, and the Family Court issued an ex parte temporary order of protection (TOP) that day. The Family Court repeatedly extended the TOP, with the result that the TOP remained in effect until July 8, 2015. The mother filed several petitions alleging that the father had violated the TOP.

The Family Court held a trial on the original family offense petition, combined with a hearing on the violation petitions, on May 8, 12 and 27, 2015, more than 2½ years after the original petition was filed. In its order entered on or about June 30, 2015, the Family Court found that (1) the mother had failed to prove that the father had committed any family offenses based on the allegations in the original petition; (2) the father had violated the TOP by sending the mother two emails, on December 22, 2013 and April 3, 2014; and (3) neither the father's sending of the emails, nor any other conduct by the father, constituted any of the enumerated family offenses. The Family Court dismissed the mother's original family offense petition and scheduled a dispositional hearing on the father's violation of the TOP for July 8, 2015. On that day, the Family Court issued a one-year order of protection, the 2015 OP, as a remedy for the father's violations of the TOP. I conclude that the Family Court erred in doing so.

"Family Court is a court of limited jurisdiction [and] cannot exercise powers beyond those granted to it by statute" (*Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; *see* NY Const, art VI, § 13; Family Ct Act § 115). Section 812 of the Family Court Act provides that the Family Court has concurrent jurisdiction with Criminal Court "over any proceeding concerning acts which would constitute" any of the enumerated family offenses, each of which constitutes a crime pursuant to the Penal Law, where those acts occur between members of the

same family or household, or between persons who have had an intimate relationship with each other.[1] Section 821 provides that a proceeding under article 8 must be commenced by a petition alleging that the respondent committed one or more of the enumerated family offenses (Family Ct Act § 821 [1] [a]).

Upon the filing of a family offense petition, the Family Court may issue a temporary order of protection "for good cause shown" (Family Ct Act § 828 [1] [a]). "A temporary order of protection is not a finding of wrongdoing" (Family Ct Act § 828 [2]). There is no provision for a respondent to contest a temporary order of protection in the Family Court, and a temporary order of protection is not appealable as of right (Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 828 at 287). Moreover, there is no limit on the number of times, or the length of time, a temporary order of protection may be extended, with the result that it can remain in effect for years. In this case, the TOP was repeatedly extended, with the result that it remained in effect for 2½ years, even though the allegations had not been proven at a hearing at which the father had an opportunity to be heard. This is six months longer than the maximum term of a final order of protection, absent proof of aggravating circumstances not present here (Family Ct Act § 842).

Section 841 sets forth the dispositional powers of the Family Court following a fact-finding hearing on a petition for a final order of protection. It provides, inter alia, for dismissal of the petition "if the allegations of the petition are not established" (subd [a]) or "making an order of protection in accord with section eight hundred forty-two of this part" (subd [d]). Section 842 lists the conditions that may be contained in an order of protection "under section eight hundred forty-one of this part."

Upon a finding of willful violation of a "lawful" order of protection, the Family Court may "make a new order of protec-

---

**1.** The majority takes the view that, because Family Ct Act § 846-a does not expressly require a finding of the commission of a family offense, no such finding was necessary in this case in order to issue a final order of protection as a remedy for a violation of the TOP. However, Family Ct Act § 812 already provides that Family Court only has subject matter jurisdiction over cases involving commission of one or more family offenses, and Family Ct Act § 841 provides for dismissal of the family offense petition where no family offense has been proven. Moreover, since the purpose of family offense proceedings is "to protect victims of domestic violence" (*Matter of V.C. v H.C.*, 257 AD2d 27, 31 [1st Dept 1999]; *see also* Mem of Assembly Judiciary Committee, Bill Jacket, L 2010, ch 325 at 5-6), that purpose is not served if a court issues an order of protection where it has not found that the complainant was in fact a victim of domestic violence.

tion in accordance with section eight hundred forty-two" (Family Ct Act § 846-a). As the reference in this provision to section 842 suggests, since the Family Court only has jurisdiction to issue a final order of protection where a petition alleges that a family offense has been committed and the allegations in the petition are proved (Family Ct Act §§ 812, 841, 842; *see also Matter of V.C. v H.C.*, 257 AD2d 27, 31-32 [1st Dept 1999]; *Matter of Mary C. v Anthony C.*, 61 AD3d 682, 683 [2d Dept 2009]; *Matter of Steinhilper v Decker*, 35 AD3d 1101, 1102 [3d Dept 2006]),[2] section 846-a must be read to provide that the Family Court may only issue a final order of protection under this section upon a finding that the respondent willfully violated a final order of protection issued upon a finding that a family offense was committed, or a finding that the respondent's violation of a temporary order of protection or a final order of protection constituted a family offense. However, in this case, the Family Court did not find that the father committed a family offense either based on the allegations in the original petition or by his conduct, which the court found violated the TOP. Since the Family Court did not find that the father committed any family offense, I would hold that it did not have the authority to issue a final order of protection. It is a vast expansion of the Family Court's limited powers to permit it to issue an order of protection under these circumstances.

I am by no means suggesting that a person should never face a penalty for violating a temporary order of protection that is ultimately found to be based upon allegations of acts that do not constitute a family offense. The Family Court may direct other forms of relief upon finding a violation of a temporary order of protection, including forfeiture of bail, directing the respondent to pay the petitioner's counsel fees, and commitment of the respondent to jail for up to six months (Family Ct Act § 846-a). However, none of those alternative remedies is

---

2. The majority's attempt to distinguish these cases is unavailing. *Matter of V.C. v H.C.* does not merely establish a procedure; it affirmatively states that "[a]mong the purposes of a family offenses proceeding under article 8 of the Family Court Act is to protect victims of domestic violence by providing 'a civil, non-criminal alternative to a criminal prosecution' (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 812, at 181) *when family members commit certain designated criminal offenses*" (257 AD2d 27, 31-32 [1999] [footnote omitted and emphasis added]). In *Matter of Mary C. v Anthony C.* and *Matter of Steinhilper v Decker*, our sister departments vacated orders of protection where the Family Court found that the respondents had not violated criminal acts that did not violate any of the enumerated family offenses. That is exactly the situation here, because the Family Court did not find that the father had ever violated any of the sections of the penal code enumerated in Family Ct Act § 812.

appropriate on this record, since there is no bail to forfeit, both parties are indigent and have assigned counsel, and the allegations in the violation petition were not proved beyond a reasonable doubt, as required in order to direct incarceration as a remedy for contempt (*People v Wood*, 95 NY2d 509, 513 n 3 [2000] [contempt under Family Ct Act § 846-a is punitive in nature]; *Matter of Rubackin v Rubackin*, 62 AD3d 11, 21 [2d Dept 2009] [standard of proof required for incarceration under Family Ct Act § 846-a is beyond a reasonable doubt]). Moreover, the father has already been effectively punished by the issuance of the 2015 OP and has been suffering its legal and reputational consequences in effect for a year. Accordingly, I would vacate the 2015 OP.

I disagree with the majority's contention that this result is inconsistent with the goal of Family Ct Act § 842: to prevent further abuse and additional violence and to provide victims of domestic violence with legal protection. Although the Family Court Act does not contain a definition of domestic violence, the Social Services Law provides:

" 'Victim of domestic violence' means any person over the age of sixteen, any married person or any parent accompanied by his or her minor child or children in situations in which such person or such person's child is a victim of an act which would constitute a violation of the penal law, including, but not limited to acts constituting disorderly conduct, harassment, aggravated harassment, sexual misconduct, forcible touching, sexual abuse, stalking, criminal mischief, menacing, reckless endangerment, kidnapping, assault, attempted assault, attempted murder, criminal obstruction of breathing or blood circulation, or strangulation; and

"(i) such act or acts have resulted in actual physical or emotional injury or have created a substantial risk of physical or emotional harm to such person or such person's child; and

"(ii) such act or acts are or are alleged to have been committed by a family or household member" (Social Services Law § 459-a; *see also* L 1994, ch 222, § 1 [amending Family Ct Act § 846-a to add forfeiture of bail and payment of petitioner's counsel fees as remedies, and finding that "domestic violence is criminal conduct occurring between members of the same family or household"]).

This definition dovetails with the criteria that permit a court to issue an order of protection. Thus, in this case, since the Family Court did not find that the mother was a victim of any of the enumerated offenses in the penal code, the mother cannot be considered a victim of domestic violence. Accordingly,

permitting the court to issue an order of protection in her favor does not advance the statutory purposes.