Matter of Elizabeth F. v Wilfredo F. (2023 NY Slip Op 05466)

Matter of Elizabeth F. v Wilfredo F.

2023 NY Slip Op 05466

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Docket No. O-04933-21 Appeal No. 938 Case No. 2023-01022 

[*1]In the Matter of Elizabeth F., Petitioner-Respondent,
v
Wilfredo F., Respondent-Appellant.

Larry S. Bachner, New York, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the children.

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about January 31, 2023, which, after a fact-finding hearing, directed that respondent father stay away from petitioner mother and the subject children for a period of five years, subject to subsequent orders of visitation, unanimously affirmed, without costs.
Initially, the order appealed was not entered upon the father's default. Although the father failed to appear for the hearing on January 31, 2023, on that date, the court merely issued a determination, which was based on the testimony and evidence presented by both parties over the course of the trial (see Matter of Amiracle R. [Elizabeth H.], 169 AD3d 1453, 1453 [4th Dept 2019]). Accordingly, the order is appealable (cf. Matter of Iyana W. [Shamark W.], 124 AD3d 418, 418 [1st Dept 2015]).
Although the court did not specify the family offenses that it found the father to have committed, a remand of the matter is not required because "the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions" (Matter of Charlene R. v Malachi R., 151 AD3d 482, 482 [1st Dept 2017] [internal quotation marks omitted]). Based on our review of the record, we find that a preponderance of the evidence adduced at the fact-finding hearing established that the father's actions of shoving the mother in the stomach while she was six months pregnant, grabbing her by the neck, strangling her to the point of unconsciousness, lifting her off the ground and slamming her body on the floor, and hitting her on the back with a bottle constituted the family offenses of harassment in the second degree (see Matter of Giovanni De M. v Nick W., 200 AD3d 517, 518 [1st Dept 2021]), assault in the third degree (see Matter of Genesis E.R. v Jarel E.R., 190 AD3d 504 [1st Dept 2021]), criminal obstruction of breathing or blood circulation (see Matter of Kenrick C., 143 AD3d 600, 601 [1st Dept 2016]), and strangulation in the second degree (see Matter of Nicole W. v Louis T., 190 AD3d 510 510 [1st Dept 2021]).The court's crediting of the mother's testimony is entitled to deference, and we perceive no basis to disturb the court's credibility determinations (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]).
The father's argument that the children should not have been included in the order of protection is raised for the first time on appeal and unpreserved (see Matter of Ikram B. v Abdelkader B.-B., 215 AD3d 468, 469 [1st Dept 2023]). In any event, the inclusion of the children was warranted because multiple family offenses occurred in their presence (see Matter of Marta M. v Gopal M., 212 AD3d 524, 526 [1st Dept 2023]). The father's contention that the children received ineffective assistance of counsel is also unpreserved and, in any event, he failed to demonstrate the requisite extraordinary circumstances to support the claim (see Matter of Diane [*2]T. v Shawn N., 147 AD3d 463, 463 [1st Dept 2017], lv denied 29 NY3d 986 [2017]).
Finally, a five-year order of protection was warranted, given the aggravating circumstances of the father having caused the mother physical injuries on multiple occasions, committed acts of domestic violence in the presence of the parties' children, and violated prior orders of protection against him (see Family Ct Act §§ 842; 827[a][vii]; Matter of Jaynie S. v Gaetano D., 134 AD3d 473, 474 [1st Dept 2015], lv denied 26 NY3d 917 [2016]; Matter of Coumba F. v Mamdou D., 102 AD3d 634, 634-635 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023