Matter of J.N.W. v K.T. (2024 NY Slip Op 03557)

Matter of J.N.W. v K.T.

2024 NY Slip Op 03557

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ. 

Docket No. O-03308/21 Appeal No. 2565 Case No. 2023-03030 

[*1]In the Matter of J.N.W., Petitioner-Respondent,
v
K.T., Respondent-Appellant.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Florian Nagy of counsel), for respondent.

Order of fact-finding and disposition (one paper) and order of protection, Family Court, New York County (Hasa A. Kingo, J.), entered on or about November 28, 2022, which, after a hearing, found that father committed the family offenses of assault in the third degree, criminal obstruction of breathing, sexual abuse in the third degree, and disorderly conduct against the mother, harassment in the second degree against the mother and subject children, and found aggravating circumstances warranting a five-year order of protection against the father directing him to stay away from the mother and children for five years, subject to an order of custody and visitation, unanimously affirmed, without costs.
A preponderance of the evidence presented at the hearing established that the father engaged in acts which would constitute the family offenses of assault in the third degree (Penal Law § 120.00), criminal obstruction of breathing (Penal Law § 121.11), sexual abuse in the third degree (Penal Law § 130.55), harassment in the second degree (Penal Law § 240.26[3]), and disorderly conduct (Penal Law § 240.20). The court's decision to credit the mother's testimony over the father's testimony is entitled to great deference, and it should not be set aside (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]).
The mother's credible testimony established that the father committed assault in the third degree based on his conduct in March 2013, when he dragged the mother by the hair, choked her, and punched her in the face, causing her pain and visible bruising (see Matter of Antoinette T. v Michael J.M., 157 AD3d 531, 531-532 [1st Dept 2018]; Matter of Charlene R. v Malachi R., 151 AD3d 482, 482-483 [1st Dept 2017]). The mother's testimony also established that the father committed criminal obstruction of breathing (see Penal Law § 121.11) when he choked the mother in March 2013, and sexual abuse in the third degree (Penal Law § 130.55) when he subjected her to sexual contact without her consent on November 11, 2020.
Similarly, the mother's testimony supports a finding that the father committed disorderly conduct (Penal Law § 240.20) against the mother and harassment in the second degree against the children as well as the mother (Penal Law § 240.26). According to the mother's testimony, in December 2020, the father, while apparently intoxicated, forced his way into the mother and the children's home where the children were attending online school, and began screaming, crying, and flailing. His actions prompting the children to cry and scream for the father to stop and not hurt the mother.
The determination by Family Court that aggravating circumstances existed to warrant the imposition of a five-year order of protection against the father is more than supported by the record (see Matter of Nicole W. v Louis T., 190 AD3d 510, 510-511 [1st Dept 2021]). Here the testimony established that the father engaged [*2]in numerous violent acts toward the mother with one incident occurring in the presence of the children (Matter of Monique J. v Keith S., 194 AD3d 611, 612 [1st Dept 2021]; Matter of Coumba F. v Mamdou D., 102 AD3d 634, 634-635 [1st Dept 2013]). Further, the father conceded that he repeatedly violated a prior Kings County order of protection (Family Ct Act §827[a][vii]; Matter of Jaynie S. v Gaetano D, 134 AD3d 473, 474 [1st Dept 2015], lv denied 26 NY3d 917 [2016]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024