Matter of C. H. v M. J. G. (2024 NY Slip Op 06301)

Matter of C. H. v M. J. G.

2024 NY Slip Op 06301

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Docket No. O-1289/19, O-1289/20A Appeal No. 3251 Case No. 2023-06653 

[*1]In the Matter of C. H., Petitioner-Respondent,
v
M. J. G., Respondent-Appellant.

Steven N. Feinman, White Plains, for appellant.
Orrick, Herrington & Suitcliffe LLP, West Hollywood, CA (Nicholas Gonzalez of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered on or about July 11, 2023, which, to the extent appealed as limited by the briefs, determined after a hearing that respondent committed the family offenses of harassment in the second degree, sexual abuse in the third degree, criminal obstruction of breathing or blood circulation, assault in the third degree, and stalking in the fourth degree, and upon finding the existence of aggravating circumstances, granted a five-year order of protection in favor of petitioner, unanimously affirmed, without costs.
A fair preponderance of the evidence supports the Integrated Domestic Violence Court's determination that respondent engaged in acts constituting the family offense of harassment in the second degree (Family Court Act § 832; Penal Law § 240.26[1], [3]). Petitioner testified that during the parties' relationship, respondent pinned her down onto the bed and squeezed her neck on one occasion; grabbed her arm on another occasion, causing bruising and soreness; on a third occasion, tried to strangle her after she rebuffed his sexual advances; and on a fourth occasion, squeezed her so hard that she heard her rib pop and experienced pain for approximately two weeks thereafter. Petitioner also testified that she was scared and upset by respondent's actions, and the court properly inferred from respondent's actions and the surrounding circumstances that he intended to cause these effects (see Matter of Giovanni De M. v Nick W., 200 AD3d 517, 518 [1st Dept 2021]; see also Matter of Rosa G. v Hipolito D., 215 AD3d 571, 571 [1st Dept 2023]). Petitioner's testimony at the hearing supports the finding that respondent intentionally engaged in a course of conduct or repeatedly committed acts that alarmed or seriously annoyed petitioner, and that served no legitimate purpose (see Family Court Act § 832; Matter of Brooke A.D. v Rajiv D., 199 AD3d 407, 408 [1st Dept 2021]; Matter of Rosa G., 215 AD3d at 571; Annette R. v Dakiem D., 203 AD3d 673, 673 [1st Dept 2022]).
Petitioner's testimony regarding her injured rib is also sufficient to support a finding that respondent committed the family offense of assault in the third degree, including infliction of physical injury (Family Court Act §§ 812[1]; 832; Penal Law § 120.00[1]; see Matter of J.N.W. v K.T., 228 AD3d 598, 559 [1st Dept 2024]; Matter of Madochee F. v Dieudonne M., 216 AD3d 453, 454 [1st Dept 2023]).
Additionally, a fair preponderance of the evidence established that respondent's actions of grabbing petitioner by her neck and strangling her until she was gasping for air and felt lightheaded constituted the family offense of criminal obstruction of breathing or blood circulation (Penal Law § 121.11[a]; Matter of Elizabeth F. v Wilfredo F., 220 AD3d 615, 616 [1st Dept 2023]). That petitioner submitted no evidence documenting her injuries is of no moment.
Petitioner further testified that after she ended the parties' relationship and [*2]told respondent not to contact her, he nonetheless came to her apartment, kissed her, and "put his hands all over her body" without her permission. This testimony is sufficient to support the court's conclusion that respondent committed the family offense of sexual abuse in the third degree (Penal Law § 130.55; see Matter of Marta M. v Gopal M., 212 AD3d 524, 525 [1st Dept 2023]).
Moreover, according to petitioner's testimony at the hearing, respondent continued trying to communicate with her through email, social media, and in person — including, for example, by approaching her in person at a professional event and making a suicide attempt outside her apartment door, despite petitioner's repeated requests to respondent to desist in his attempts to contact her. This testimony, including respondent's acknowledgement that petitioner told him to stop contacting her, established that respondent committed the family offense of stalking in the fourth degree. It cannot be seriously argued that respondent was not "clearly informed" to stop contacting petitioner, and the record establishes that petitioner's mental and emotional health was materially harmed by respondent's conduct (Penal Law § 120.45; see Matter of Jaynie S. v Gaetano D., 134 AD3d 473, 474 [1st Dept 2015], lv denied 26 NY3d 917 [2016]).
The court credited petitioner's testimony while also finding that respondent's testimony was not credible. These determinations are entitled to great deference, and we see no basis to disturb them (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]; Olson v Olson, 157 AD3d 611, 611 [1st Dept 2018]).
Finally, the court's finding of aggravating circumstances in this matter — namely, the immediate and ongoing danger to petitioner from respondent's actions — warranted the issuance of a five-year final order of protection in petitioner's favor as reasonably necessary to provide meaningful protection (see Family Court Act §§ 827[a][vii]; 842; Matter of Anecia S.H. v Grevelle D.B., 173 AD3d 441, 441 [1st Dept 2019]; Olson, 157 AD3d at 611). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024