Matter of T. Z. v S.S. (2025 NY Slip Op 01903)

Matter of T. Z. v S.S.

2025 NY Slip Op 01903

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

O-01852/22|Docket No. O-01852/22|Appeal No. 4007|Case No. 2024-02294|

[*1]In the Matter of T. Z., Petitioner-Respondent,
v
S.S., Respondent-Appellant. 

Jay A. Maller, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.

Order, Family Court, Bronx County (Erin E. Browne, R.), entered on or about February 6, 2024, which, upon a finding that respondent had engaged in the family offense of harassment in the second degree, granted petitioner a two-year order of protection, unanimously affirmed, without costs.
Petitioner established by a fair preponderance of the evidence that respondent's actions constituted the family offense of harassment in the second degree (see Family Ct Act § 832; Penal Law § 240.26[3]; Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]). Respondent's actions, which included going to petitioner's home and workplace to threaten his life, served no legitimate purpose and established a course of conduct that was undertaken with the intent of seriously annoying or alarming petitioner (see Matter of Anthony B. v Judy M., 167 AD3d 476, 476 [1st Dept 2018]).
We reject respondent's argument that she was denied access to a fair trial because she was forced to proceed pro se. As the record shows, not only did Family Court advise her of her right to an attorney, but also assigned her two different attorneys, both of whom were ultimately relieved from representation (see Matter of Angela C. v Harris K., 102 AD3d 588, 589 [1st Dept 2013]). Respondent consented to her assigned counsel being relieved, informed the court that she intended to obtain her own counsel, and was granted two adjournments and several months to find new counsel before the final hearing (see e.g. Matter of Emma L., 35 AD3d 250, 252 [1st Dept 2006], lv dismissed in part and denied in part 8 NY3d 904 [2007]). Furthermore, contrary to respondent's assertion otherwise, she was given adequate opportunity to cross-examine petitioner and undermine his credibility (see Matter of Anthony K., 11 AD3d 748, 750 [3d Dept 2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025